**VEAL et al. v. JAGGERS et al. (No. 3169.)**

Court of Civil Appeals of Texas. Amarillo. Feb. 6, 1929.

Walter F. Schenck, of Lubbock, and Ellis Douthit, of Abilene, for appellants.

Lockhart & Garrard and F. D. Brown, all of Lubbock, for appellees.

RANDOLPH, J. Suit was filed by Minnie Slaughter Veal and her husband in the district court of Lubbock county, Tex., against W. M. Jaggers, Morton J. Smith et al., seeking a foreclosure of certain vendor's lien notes. At that time there was pending in the district court of Dallas county, Tex., cause No. 48309—a, filed by Morton J. Smith against Minnie Slaughter Veal et al., seeking the recovery of certain commissions claimed by him. In the suit pending in Lubbock county, Morton J. Smith filed a cross-action against Mrs. Veal, in which he asserted the same cause of action which he had pleaded in his suit filed in Dallas county. Thereupon Mrs. Veal filed in this cause her plea in abatement, setting up the pendency of the suit in Dallas county on the same cause of action, and asking that the cross-action in this cause be abated for that reason. Prior to the trial on the merits of this case, the trial court heard and sustained the plea in abatement, and struck out the cross-action of said Morton J. Smith in the case at bar, but, through inadvertence or neglect, no order to that effect was ever entered on the minutes of the trial court, and no memorandum of the order was made on the docket. The case having come up for trial on its merits, the court rendered judgment for Mrs. Veal, foreclosing her vendor's lien as prayed for by her. The copy for the judgment on the merits was prepared by Mrs. Veal's attorney, and, in addition to the judgment granting her a recovery and foreclosure, such copy contained the following recital: "It is further ordered, adjudged and decreed by the Court that the said Morton J. Smith take nothing by his cross-action filed herein, and the claims of the said Morton J. Smith set up in said cross-action are hereby denied." This copy for judgment was used by the clerk in entering the judgment, and the judgment as entered was in the language of the copy.

After a lapse of several terms of court, the defendant Morton J. Smith filed in this cause a motion alleging a clerical error in the entry of that portion of the above judgment, wherein it is decreed that the defendant Morton J. Smith take nothing by his cross-action, and asking for a correction thereof, and also for the entry of an order nunc pro tunc, sustaining the plea in abatement. This motion was heard by the trial court, and was granted, and appeal therefrom has been taken to this court by the plaintiffs.

The record discloses, as stated above, that there was no entry of any kind either in the minutes or by order or notation on the judge's docket evidencing the action in sustaining the plea in abatement. It also appears that plaintiff's attorney, who prepared the copy for judgment which was entered on the minutes, in which he recited that Morton J. Smith's cross-action was denied, sent same to defendant Smith's attorneys for approval, and that they O. K.'d it before it was presented to the clerk for recording. Plaintiff's attorney testified that he drew the copy for the judgment, and that, in writing it, it occurred to him that there was a cross-action on file, and, in order to make it clearly a final judgment, something ought to be done to the cross-action, and therefore he used the language used in the judgment, and that the legal effect of the language at that time did not impress itself upon him, except that he was disposing of the cross-action.

The record, as stated, presents these conditions: The trial court actually sustained the plea in abatement of the plaintiff, and struck out the cross-action of the defendant Morton J. Smith, but no character of entry showing the court's ruling was placed in the minutes or on the docket; that plaintiff's attorney further disposed of the cross-action by the recital in the judgment denying the relief sought therein.

■ If the action of the trial court, in sustaining the plea in abatement, is established by the evidence, then such cross-action was not before the court, and the entry in the judgment denying the relief sought therein was erroneous, for it did not speak the truth or correctly state the real judgment of the trial court. We are, therefore, of the opinion that, notwithstanding the negligence and carelessness of defendant's attorneys in failing to have the order entered in the minutes of the court sustaining the plea in abatement, and also notwithstanding their negligence and carelessness in putting their O. K. on the copy for judgment, the defendant Morton J. Smith should not be made to suffer by reason of such negligence. This is said, because there is no dispute that the trial court did render his judgment striking out the cross-action in sustaining the plea in abatement. Neither is there any controversy as to the erroneous recital that the trial court denied a recovery upon the cross-action. Therefore, should the defendant's motion to correct the erroneous recital in the judgment have been sustained, when there was no entry in writing to show the action of the court in sustaining same, said motion having been made after the expiration of the term at which the court rendered his judgment sustaining such plea?

■ The rule, that a motion to correct a

judgment erroneously rendered must be made during the term at which such judgment was rendered, and, if made afterwards, such motion must be supported by a judgment or docket entry, does not apply, when the matter sought to be corrected is a clerical error or omission in the entry of the judgment actually rendered. In the case at bar the trial court actually rendered the judgment sustaining the plea in abatement, but this action was in no manner entered or recorded. The judgment denying the relief in Smith's cross-action was never rendered, but was only an erroneous entry prepared by the attorney without a sufficient basis. There is no controversy over these facts in the record.

In 34 C. J. page 235, it is stated: "If any thing has been omitted from the judgment which is necessarily or properly a part of it, and it was intended and understood to be a part of it, but failed to be incorporated in it through the negligence or inadvertence of the Court or counsel, or the clerk, the omission may be supplied by an amendment even after the term." See, also, 34 C. J. pp. 215, 236, and 240.

In the case of Whittaker v. Gee, 63 Tex. 435, our Supreme Court says: "Frequent decisions of this court have settled the right to have a judgment amended after the expiration of the term at which it was obtained, when, through mistake or clerical error, the record does not speak fully or truly the judgment actually rendered in a cause."

Also, in the case of Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040, it is stated: "The right of parties to have the entry correspond with the judgment rendered is not affected, as is contended by counsel for plaintiff in error, by rule 48 for the government of the district courts * * * which provides that counsel of the party for whom a judgment is to be rendered shall prepare the form of the judgment to be entered and submit it to the court. While that rule imposes a proper duty upon counsel for the successful party and should be enforced, its operation is not such as to make the records of the court depend upon the diligence or care of counsel in the case. The court has an independent concern in the correctness of its records, and its right in the premises cannot be disposed of by the negligence or omission of attorneys for the parties." See, also, Hamilton v. Eiland (Tex. Civ. App.) 181 S. W. 260 (writ denied).

Further, it is held by our Supreme Court in the case of Ft. Worth & D. C. R. Co. v. Roberts, 98 Tex. 42, 81 S. W. 25: "That a court has the continuing power after an adjournment for the term to correct its minutes and to make them speak the truth by the entry of an order that has in fact been made or a judgment that has actually been rendered, but which has been omitted from its minutes, the authorities all agree; but upon the question whether this can be done in the absence of written evidence the decisions are in hopeless conflict. In the case of Blum v. Neilson, 59 Tex. 378, the precise question was passed upon by this court, and it was there held that, although there was no entry upon the judge's docket, and no memorandum of such order had been preserved, the order was properly entered nunc pro tunc upon oral testimony and the recollection of the judge. * * * That an order of a court, which did not appear upon its minutes, and of which there was no written memorandum upon the judge's docket or elsewhere, could be established by oral evidence, was held by this court at an early day. State v. Womack, 17 Tex. 238. * * * On the other hand, as we have previously intimated, there is a very imposing array of adverse decisions from courts of the highest authority. We conclude that the decisions of this Court should control."

The rules laid down by the various decisions above cited have been reaffirmed by our Supreme Court in the case of Nevitt v. Wilson, 116 Tex. 29, 285 S. W. 1079, 48 A. L. R. 355, and in that case the court also applies those rules to cases of inadvertence in the improper entry of judgment.

The trial court having made findings of fact which are abundantly supported by the evidence, his judgment, permitting the correction by entry of an order nunc pro tunc sustaining the plea in abatement, and permitting the amendment of the judgment on the merits so as to eliminate the provisions denying a recovery on Smith's cross-action, is correct.

We therefore affirm the judgment of the trial court.