## DUNCAN v. MARLIN MOTOR CO.
### No. 1077.

Court of Civil Appeals 'of Texas. Waco.
June 25, 1931.

Rehearing Denied Sept. 17, 1931.

Jos. W. Hale, of Waco, for appellant.

W. L. Eason and Bryan & Maxwell, all of Waco, for appellee.

BARCUS, J.

In April, 1928, appellant filed suit in the district court of Falls county against the Marlin Motor Company, a corporation, to recover judgment on notes totaling approximately $30,000. Appellees R. V. McClain and James M. Adams filed in said suit pleas of intervention.' On December 14, 1928, said McClain and Adams filed separate motions or request to dismiss their respective pleas of intervention, and the trial court noted on its docket that said parties were granted a nonsuit. On December 17, 1928, the cause was tried and appellant Duncan was given judgment against the Marlin Motor Company for $32,180.18 on its notes. The judgment recites that the interveners McClain and Adams had filed 'on the 14th day of December their applications for a nonsuit on their respective pleas of intervention, which said applications were then and there granted. Said judgment then, however, instead of dismissing the pleas of intervention, rendered judgment denying McClain and Adams any recovery on their respective causes of action as set up in their pleas of intervention.

On December 6, 1930, McClain and Adams filed in the cause of Duncan v. Marlin Motor Company a motion or bill to correct the judgment as entered by the trial court on December 17, 1928, in so far as it adjudged and decreed that they were denied any recovery. They alleged they did not know the provisions contained in said judgment until the summer of 1930, which was long after the adjournment of the term of court at which same was rendered, and that said judgment was not supported by any pleadings because at the time same was rendered they had, with permission of the court, taken a nonsuit. Notice of the motion was served on all of the parties mentioned in the original judgment. Said parties answered by general demurrer and general denial, and alleged that said judgment had become a finality at the close of the term of court at which it was entered and that no appeal was taken therefrom, and that by reason thereof the trial court could not at a subsequent term of court set aside, change, or modify said judgment.

The trial court, upon hearing said motion, corrected the judgment as rendered by it on December 17, 1928, in so far as it decreed that McClain and Adams were denied a recovery on their pleas of intervention and, in lieu thereof, entered judgment dismissing said pleas of intervention. From said order A. Baker Duncan alone appeals.

Appellant by his first proposition contends that appellees McClain and Adams by taking a nonsuit on their pleas of intervention did not deprive him of his right to a judgment against them on 'his claim for affirmative relief. Whether this is a correct abstract proposition of law is not necessary for us to and we do not determine. The record shows that appellant did not ask in his original or any of his amended pleadings for any affirmative relief against either of the interveners. In his reply to their respective pleas of intervention he simply asked that they be denied any recovery.

Appellant contends that the trial court was without authority after the adjournment of the term at which the judgment was rendered to change or modify same. He further contends that it was error for the trial court to amend or correct its judgment as rendered on December 17, 1928, because there was no evidence introduced tending to show that the judgment as originally entered was not the judgment actually rendered by the court at said time. Articles 2228 and 2229 of the Revised Statutes provide specifically that the trial court can correct mistakes or misrecitals in the judgments as recorded. The record in this case shows that McClain and Adams, the interveners, filed their written motions for a nonsuit. The docket entry made by the trial judge shows that the court granted their nonsuit. The judgment as originally recorded recites that their application for a nonsuit had been granted. We think this evidence was sufficient to authorize the trial judge who entered the original judgment to find as a fact that he did not render a judgment disposing of the interveners' pleas of intervention on their merits, and that the recital in the judgment as originally entered was a clerical error and did not speak the judgment of the court at said time. The notation on the judge's docket at the time the cause was tried was: "Judgment for plaintiff for the amount of two notes, $22,700.00, and $7,000.00 less credit of $1,000.00 for principal, interest and attorney's fees and cost of suit." No suggestion is made in said docket entry that the trial court was attempting to or did in any way pass judgment on any controversial matters raised by the pleas of intervention. Our courts uniformly hold, under the statutes above referred to, the trial court may at a subsequent term of court correct the judgment actually entered in such way that same may and will correctly state the judgment as actually rendered. O'Neil v. Norton (Tex. Com. App.) 33 S.W.(2d) 733; Bray v. City of Corsicana (Tex. Civ. App.) 280 S. W. 609; Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040.

Article 2050 of the Revised Statutes provides specifically that the trial court shall not render a judgment against a defendant unless he has either been served or has accepted service, or has appeared and filed an answer. In the pleas of intervention filed by McClain and Adams they were seeking affirmative relief against the other parties to said litigation. No one of said parties, however, sought any relief against either of said interveners. When they dismissed their pleas of intervention by permission of the court, they were not thereafter before the court for any purpose, and it had no jurisdiction over them or any authority to render any judgment either for or against them, and its judgment denying them a recovery was without authority of law. Lipscomb v. Japhet (Tex. Civ. App.) 18 S.W.(2d) 786 (error dis.).

We have examined all of appellant's assignments of error and propositions. Same are overruled, and the judgment of the trial court is affirmed.