**Guadalupe Garza ZAMORA et al.,
Appellants,**

v.

**Miguel SALINAS et al., Appellees.**

No. 349.

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 30, 1967.

Rehearing Denied Dec. 28, 1967.

J. E. Wilkins, of Wilkins & Wilkins, Mc-Allen, for appellants.

H. H. Rankin, Jr., of Rankin, Kern & Martinez, McAllen, for appellees.

OPINION

SHARPE, Justice.

This appeal is from a judgment rendered and entered nunc pro tunc on March 14, 1967 as of the 8th day of October 1965, the date of the original judgment herein.

This suit was brought by appellees, plaintiffs below, against appellant Zamora and other defendants for partition of two tracts of land situated in Hidalgo County, Texas. The issue of title was also involved.

The original judgment of October 8, 1965 recited in the first paragraph in substance that the plaintiffs announced in open court that they no longer desired to pursue the case against the defendants and desired to

dismiss the cause "without prejudice" to their rights. However, the judgment in the second paragraph thereof ordered that plaintiffs cause against the defendants be dismissed "with prejudice" to plaintiffs and taxed the costs against them. The written judgment signed by the trial judge was precisely recorded in the minutes.

Thereafter on November 21, 1966, more than thirteen months after entry of the original judgment, the plaintiffs filed a motion for judgment nunc pro tunc alleging in substance that the first paragraph of the original order of dismissal correctly reflected the announcement and motion of the attorneys for plaintiffs, and that the court had announced that it would grant plaintiffs' motion to dismiss "without prejudice"; that through a clerical error or mistake the last paragraph of the original order of dismissal signed by the court read that the cause was dismissed "with prejudice" instead of "without prejudice" and that the judgment as filed did not accurately reflect the ruling of the court. Plaintiffs further alleged that the attorney for plaintiff had only learned of such clerical error or mistake during the then current term of court. Plaintiffs prayed that the court enter a judgment, the form of which was attached to their motion, finding that the clerical error or mistake had been made and ordering by nunc pro tunc judgment that the case be dismissed "without prejudice" to plaintiffs.

The trial court set a hearing on plaintiffs' motion for judgment nunc pro tunc and ordered notice of same be given to the defendants. The transcript contains a certificate of service of notice on the defendants or their attorneys. Appellant Zamora filed written opposition to plaintiffs' motion for judgment nunc pro tunc generally raising the question involved in this appeal. None of the other defendants in the court below opposed plaintiffs' motion.

The trial court conducted a hearing on the matter on January 5, 1967 and took the case under advisement until March 14, 1967,

on which date plaintiffs' motion was granted and a judgment nunc pro tunc of dismissal "without prejudice" was rendered and entered. Among other things that judgment recited the following:

"* * * that through clerical error or mistake, the Judgment as signed and filed dismisses the cause with prejudice and further appearing no third parties rights have been affected or changed in the period intervening the signing of that order and the present time and further that Plaintiffs' Motion for Judgment Nunc Pro Tunc should be granted and that Plaintiffs' request for an Order of Dismissal without prejudice should be granted nunc pro tunc."

The evidence at the hearing of January 5, 1967 consisted of testimony of the attorney for appellees, the testimony of the attorney for Zamora, that of Zamora, and two exhibits. Zamora's testimony was not helpful and that of his attorney related to events occurring after the original judgment. In substance, the attorney for Zamora testified that he had explained to Zamora that the original judgment dismissed the case with prejudice and foreclosed plaintiffs' rights; that Zamora was further advised he could cut a certain fence on the property involved and after Zamora did so a criminal complaint was filed against him; that Zamora was arrested and required to post an appearance bond of $750.00, which bond was admitted into evidence; that Zamora had told his attorney he had depended on the original judgment. The stipulated testimony of the attorney for appellees was as follows:

"* * * that on October 8th, 1965, during a call docket at which time the Court had asked for an announcement of some sort on this case, that Stonewall Van Wie did announce that he had with him an order for dismissal without prejudice and would present it to the Court after the call of the docket in his Chambers; thereafter, Stonewall Van Wie went to the Chambers of the Court, pre-

sented him with a document which he represented to be an order of dismissal without prejudice, and which document was signed and entered by the Court on that day, which is the order of dismissal which is in question this morning on this Motion for Judgment Nunc Pro Tunc."

There was also admitted into evidence a letter dated October 11, 1965, three days after entry of the original judgment, written by the attorney for appellees to the attorney for Zamora, the body of which reads, "I am enclosing herewith a copy of an order dismissing the above entitled and numbered cause without prejudice." The record shows that all of the action taken in connection with entry of the original judgment, including the drafting of it, was on the part of counsel for appellees, and there is nothing to show that appellant or the other defendants in the trial court or their attorneys had anything to do with the same. The record does not show any cross-actions were filed nor that there was any agreement for rendition of a judgment of dismissal "with prejudice" to plaintiffs. There is nothing in the record to show a proper basis for the trial court to originally enter a dismissal "with prejudice" when the plaintiffs had moved for dismissal "without prejudice."

Under his first three points appellant contends that the trial court was without authority or jurisdiction to entertain plaintiffs' motion or to enter a judgment nunc pro tunc more than a year after entry of the original judgment, which was copied in the minutes precisely as signed by the judge, because any error committed was a judicial error. Appellees say by their first three reply points that the trial court had authority and jurisdiction to entertain their motion for and to enter a judgment nunc pro tunc, and that it properly rendered the same because the original judgment as entered upon the minutes was not the same as pronounced by the court, and that the purpose of the judgment nunc pro tunc was to correct a clerical error so as to make the judgment speak the truth and correctly reflect the ruling of the trial court.

■ It thus appears that the basic difference between the parties is whether a judicial error or a clerical error is involved. If the trial court herein was endeavoring to correct a judicial error and render a different judgment from the one actually rendered originally, it was without the authority and jurisdiction to do so because the original judgment had become final by operation of law and (in the absence of a timely filed bill of review) the court had no further control over it. Love v. State Bank & Trust Co. of San Antonio, 126 Tex. 591, 90 S.W.2d 819 (1936); Williams v. Pitts, 151 Tex. 408, 251 S.W.2d 148 (1952); Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823 (1961); Stonedale v. Stonedale, 401 S.W.2d 725 (Tex.Civ.App., Corpus Christi 1966, n. w. h.); Rule 329b, par. 5, Texas Rules of Civil Procedure. On the other hand, if the court was merely correcting its records so as to make them accurately reflect the judgment it in fact rendered on October 8, 1965 it was empowered to do so because it had continuing jurisdiction over its records. Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040 (1912); Knox v. Long, 152 Tex. 291, 257 S.W.2d 289 (1953); Rule 316, T.R.C.P.

■ Upon consideration of the entire record we have concluded that the findings expressly made by the trial court in the nunc pro tunc judgment and those which may properly be implied in support of it are legally and factually sufficient to establish that the trial judge on October 8, 1965 pronounced and rendered a judgment of dismissal "without prejudice" but that the written judgment signed by him and entered on the minutes dismissing the case "with prejudice" did not correctly evidence the action actually taken by the trial court. Thus clerical error or mistake is presented; not judicial error. The trial court had authority and jurisdiction to entertain plaintiffs' motion and to enter a judgment nunc pro tunc upon a proper showing such

as that made here. See Duncan v. Marlin Motor Co., 41 S.W.2d 740 (Tex.Civ.App., Waco 1931, wr. ref.); Truelove v. Truelove, 266 S.W.2d 491 (Tex.Civ.App., Amarillo 1953, wr. ref.); Veal v. Jaggers, 13 S.W.2d 745 (Tex.Civ.App., Amarillo 1929, wr. dism.).

█ Appellants' fourth point is to the effect that the nunc pro tunc judgment was erroneous because it changed the status of the parties. Such is not the case. The status of the parties was fixed by the judgment pronounced and rendered by the trial court on October 8, 1965, which was a dismissal "without prejudice". The judgment nunc pro tunc simply corrected the record of the court to make it speak the truth concerning what had actually been adjudicated.

On oral argument of this case counsel for appellant stated to the court that he would not insist upon his fifth point concerning the alleged error in permitting appellees' attorney to give oral testimony. The point is therefore waived and will not be considered.

The judgment of the trial court is affirmed.