Roderick Lynn JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–81–00129–CR.

Court of Appeals of Texas,
El Paso.

April 7, 1982.

Discretionary Review Refused
June 30, 1982.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Criminal Dist. Atty., Karen Chilton Beverly, Will Wilson, Asst. Dist. Attys., Dallas, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

Appellant was convicted of possession of marijuana over four ounces, and was sen-

tenced to four years confinement in the Texas Department of Corrections. We affirm.

Officers of the Dallas County Sheriff's Office were executing a search warrant at Appellant's apartment. Receiving no response to their knocks, the apartment was entered by force, and Appellant, a woman and a child were found inside. These individuals were taken to the living room while the search was conducted. A small wooden box of marijuana seeds was found in the dresser in the bedroom where the named individuals were first found. In another bedroom, more marijuana, marijuana seeds, scales and a smoking device were located. Five ounces of marijuana were found in the dining area. A green army bag and clothing were found to contain marijuana residue. More residue and seeds were found in the living room.

■ Essentially there are five alleged grounds of error. Ground one asserts error of the trial court in holding the evidence sufficient to sustain conviction when circumstantial proof only establishes presence of the Appellant at the scene, and not possession of the marijuana found in the apartment. In response, the State argues that there were numerous independent facts proven to indicate Appellant was exercising control over the marijuana.

Appellant was present in the apartment at the time of the search. A friend of Appellant, Joe Smith, had moved out of the apartment a week before the search. Marijuana was found in a dresser in Appellant's bedroom, and he admitted smoking marijuana on occasion with Joe Smith. Furthermore, the existence of five ounces of marijuana in plain view in the dining area is such an independent fact. *Herrera v. State*, 561 S.W.2d 175, 179 (Tex.Cr.App. 1978). Appellant's knowledge of, and control over, the marijuana were shown by independent facts and circumstances which affirmatively link him to the marijuana. Ground of Error No. One is overruled.

■ Ground two alleges error in failing to charge the jury on the lesser included offense of misdemeanor possession relating to only that quantity found in Appellant's bedroom. The State responds that no evidence was presented to raise that issue. The evidence does not raise an issue as to Appellant's guilt of a lesser included misdemeanor offense because the defense evidence was to the effect that Appellant was not guilty of any possession. *See: Williams v. State*, 575 S.W.2d 30, 33 (Tex.Cr.App. 1979). There is no evidence as to the quantity of marijuana found in the bedroom, nor is there evidence as to whether it was a useable quantity as required by statute. *See: Taylor v. State*, 505 S.W.2d 927, 929 (Tex.Cr.App.1974). The evidence would not support a conviction for a lesser included offense and the trial court properly refused the request. Ground of Error No. Two is overruled.

Appellant's third ground deals with error in overruling Appellant's objection to cross-examination of Appellant regarding marijuana seized from Appellant's car. The trial court sustained Appellant's motion to suppress evidence of ten pounds of marijuana found in Appellant's car during a warrantless search. On direct, Appellant maintained that he did not "mess with" marijuana since he was placed on probation for another offense. On cross, the State asked Appellant if the marijuana found in his car belonged to him. Appellant invoked the Fifth Amendment. The State contends the cross-examination was proper to impeach Appellant's statement that he did not "mess with" marijuana.

■ A defendant's statements, made in response to proper cross-examination reasonably suggested by defendant's direct examination, are subject to otherwise proper impeachment by the government, albeit by evidence that has been illegally obtained, that is inadmissible for the government's direct case, or otherwise, as substantive evidence of guilt. *United States v. Havens*, 446 U.S. 620, 627–628, 100 S.Ct. 1912, 1916–1917, 64 L.Ed.2d 559, 566 (1980). The court, in the instant case, had instructed the jury that evidence of the offense was admitted solely on the issue of Appellant's credibility.

The trial court properly denied Appellant's objection to the State's cross-examination impeaching his denial of involvement with marijuana. Ground of Error No. Three is overruled.

 Appellant avers as his fourth ground the refusal of a proffered charge to the jury that if the Defendant was merely present, but was not in exclusive possession of the premises, or was not affirmatively linked to the marijuana, he should be found not guilty. The State responds that such would constitute a comment on the weight of the evidence, and that the charge in fact given assured Appellant of a fair trial.

The court correctly instructed on the law of parties. The jury found possession and, as discussed under Ground of Error No. One, the evidence was legally sufficient. The court's refusal to submit the requested instruction was not calculated to injure the rights of the Appellant, nor deny him a fair and impartial trial. Tex.Code Crim.Pro. Ann., art. 36.19 (Vernon 1981). An instruction to the jury that it must find independent facts affirmatively linking Appellant to the contraband would constitute comment on the weight of the evidence contrary to Article 38.05 of the Code of Criminal Procedure. The court properly refused the requested charge and properly charged on the State's burden regarding possession. Ground of Error No. Four is overruled.

 Appellant's fifth ground alleges error in the court's refusing to submit Appellant's proffered definition of voluntary possession. There was no evidence that possession by Appellant was involuntary, and the trial court is not required to charge on a matter not raised by the evidence. *See: Moon v. State*, 607 S.W.2d 569, 570 (Tex.Cr. App.1980).

All the evidence presented concerned whether Appellant had possession, not whether he possessed marijuana involuntarily. The court properly defined the terms of "possession," "intentionally," and "knowingly" in accordance with Texas Penal Code, sections 1.07 and 6.03. This placed a greater burden on the State to show that

Appellant's actions were willful than did the requested instructions. Appellant suffered no harm by the trial court's refusal to submit the requested definition. Ground of Error No. Five is overruled.

The judgment of the trial court is affirmed.