**Gordon Dean ROBBINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 05–84–00405–CR to
05–84–00407–CR.

Court of Appeals of Texas,
Dallas.

Sept. 10, 1985.

Rehearing Denied Oct. 3, 1985.

Joseph Montemayor, Dallas, for appellant.

Ruth E. Plagenhoef, Asst. Dist. Atty., Dallas, for appellee.

Before CARVER, VANCE and GUILLOT, JJ.

GUILLOT, Justice.

Appellant was convicted of three counts of aggravated sexual abuse. A jury sentenced him to life in the Texas Department of Corrections for each offense. Appellant does not challenge the sufficiency of the evidence. On three occasions, appellant abducted a prostitute and sexually abused her at gun point. For the reasons below, we reverse the judgment of the trial court and remand each case for a new trial.

Appellant's first complaint is that the trial court allowed the introduction of illegally seized items on cross-examination in contravention of TEX.CODE CRIM.PROC. ANN. art. 38.23. Article 38.23 provides, in pertinent part:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

The State argues that, limited for impeachment only, the evidence was properly admitted.

Unlike in *United States v. Havens*, 446 U.S. 620, 100 S.Ct. 1912, 64 L.Ed.2d 559 (1980) or *Jones v. State*, 632 S.W.2d 646 (Tex.App.—El Paso 1982, writ ref'd), which allowed such impeachment, appellant does not merely assert his constitutional right to have the evidence excluded. Appellant, in this case, claims his statutory right. The Court of Criminal Appeals recognized the distinction between the constitutional claim for exclusion and the state law claim for exclusion in both *Brown v. State*, 657 S.W.2d 797 (Tex.Crim.App.1983) (en banc) and *Nelson v. State*, 607 S.W.2d 554 (Tex. Crim.App.1980). In *Brown*, the court said,

"We likewise recognize that the State of Texas has, in the past, established stricter, more protective provisions [than the federal constitutional protections], such as providing for a statutory exclusionary rule (see Article 38.23, *supra,* and its predecessor)...." 697 S.W.2d at 799. In *Nelson,* the court overruled appellant's constitutional claim and noted that it would not consider the appellant's state law claim because it was not presented first to the trial court. 607 S.W.2d at 555.

The Court of Criminal Appeals further set the standard for our decision in *Hernandez v. State,* 600 S.W.2d 793, 798–99 (Tex.Crim.App.1980). In overruling the State's motion for rehearing and reversing the conviction, the court held, "The terms of Article 38.23 are mandatory," and went on to say, "This Court is without right or power to do otherwise than follow the plain mandate of the statute."

■ Although the laws of a state may not be less protective than the Constitution, they may be more protective. *Brown v. State,* 657 S.W.2d 797. Therefore, although, appellant may not have had a valid constitutional challenge to his conviction under *Havens,* 446 U.S. 620, 100 S.Ct. 1912, and *Jones,* 632 S.W.2d 646, we sustain his statutory challenge. The plain language of article 38.23 states that illegally seized evidence shall not be "admitted into evidence." The statute does not limit itself to the State's case in chief and we are not free to do so.

■ For its effect on retrial of this case, we also address appellant's second ground of error. Appellant claims that the trial court should have dismissed the cases against him for violations of the Speedy Trial Act. TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon 1985). The State made a showing under article 32A.02 § 4(6) that the continuance was necessary only on one of the cases and that the reason for the continuance was the absence of a material witness. The State further made an article 32A.02 § 4(6) showing that it had exercised due diligence to have her present and that there were reasonable grounds to believe her presence could be secured within a reasonable time. Appellant did not controvert the State's assertions. Finding no error, we overrule this ground.

The judgment of the trial court is reversed and each case is remanded for a new trial.