Office of the Attorney General · State of Texas



March 1, 1999

The Honorable Ken Armbrister
Chair, Committee on Criminal Justice
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. JC-0009

Re: Constitutionality of Tax Code section 26.05, regarding notice and hearing requirements for property tax increase   (RQ-1188)

Dear Senator Armbrister:

Your question involves an apparent conflict between article VIII, section 21 of the Texas Constitution and section 26.05(d) of the Tax Code, both of which require public notice and hearing of intended property tax increases by political subdivisions. You ask whether political subdivisions must comply with the requirements of the Tax Code or the requirements of the constitution when the two are not consistent. We conclude that Tax Code section 26.05(d) is not prohibited by the constitution; therefore, political subdivisions may not avoid compliance with the statute on the grounds that it is unconstitutional.

Article VIII, section 21 of the constitution was described as a "truth-in-taxation" provision when adopted by Texas voters in 1978 as part of a larger tax reform amendment. *See* HOUSE STUDY GROUP, SPECIAL LEGISLATIVE REPORT, ANALYSIS OF HJR 1 (Aug. 16, 1978) at 24. It was designed to prevent "hidden" tax increases, such as one that might occur when a local government keeps the tax rate the same but raises property values. *Id.* Article VIII, section 21 provides:

> Sec. 21. (a) *Subject to any exceptions prescribed by general law, the total amount of property taxes imposed by a political subdivision in any year may not exceed the total amount of property taxes imposed by that subdivision in the preceding year unless the governing body of the subdivision gives notice of its intent to consider an increase in taxes and holds a public hearing on the proposed increase before it increases those taxes.* The legislature shall prescribe by law the form, content, timing, and methods of giving the notice and the rules for the conduct of the hearing.
>
> (b) *In calculating the total amount of taxes imposed in the current year for the purposes of Subsection (a) of this section, the taxes on property in territory added to the political subdivision since the preceding year and on new improvements that were not taxable in the preceding year are excluded.* In calculating the total amount of taxes imposed in the preceding year for the purposes of Subsection (a) of this section, the taxes imposed on real property that is not taxable by the subdivision in the current year are excluded.

(c) The legislature by general law shall require that, subject to reasonable exceptions, a property owner be given notice of a revaluation of his property and a reasonable estimate of the amount of taxes that would be imposed on his property if the total amount of taxes increased according to any law enacted pursuant to Subsection (a) of this section. The notice must be given before the procedures required in Subsection (a) are instituted.

TEX. CONST. art. VIII, § 21 (emphasis added). Subsection (a) thus requires public notice and hearing when a political subdivision proposes to impose more taxes than it imposed the previous year. Subsection (b) prescribes how the taxes for the current and preceding years are to be calculated for this comparison. For the calculation of current year taxes, the taxes on property in new territory and on new improvements are excluded. For the preceding year calculation, taxes imposed on real property that is exempt from taxation in the current year are excluded. These calculations result in what is called an "effective" tax increase. In other words, the tax increase that triggers the notice and hearing requirements of the constitution is not a simple total tax revenue increase, but an adjusted or "effective" increase that does not include proposed revenue from new territory and new improvements.

Section 26.05 of the Tax Code is the statutory "truth-in-taxation" law. It requires each taxing unit in the state to adopt a tax rate for the current tax year and provide notice of a tax rate increase in certain circumstances. TEX. TAX CODE ANN. § 26.05(a)-(c) (Vernon 1992). Section 26.05(d), as amended by the legislature in 1997, provides:

(d) The governing body may not adopt a tax rate that if applied to the total taxable value would impose an amount of taxes that exceeds last year's levy until it has held a public hearing on the proposed tax rate and has otherwise complied with Section 26.06.

*Id.* § 26.05(d) (Vernon Supp. 1999). Section 26.05(d) of the Tax Code, like the constitution, requires public notice and hearing if this year's proposed total taxes will exceed last year's total taxes by any amount. However, in contrast to the calculation requirements of article VIII, section 21(b), no provision is made in the Tax Code for the calculation of an *effective* tax increase. The memorandum attached to your letter explains:

This means that the quarter-page advertisements and public hearings are required if the total tax levy for 1998 exceeds the total tax levy for 1997 by one cent. The public notice and public hearings would be triggered under these provisions even if the proposed rate represented no increase in taxation for those who were on the tax roll the previous year and the levy is increased solely due to taxes on new improvements built in the district in the previous year or on new territory annexed in the previous year. This is the situation in which most municipal utility districts find themselves. Similarly, many school districts, counties, and cities face the same dilemma.

You ask us to determine whether Tax Code section 26.05(d) is valid and enforceable upon political subdivisions in light of the calculation requirements of article VIII, section 21(b) of the constitution.

Certainly, the legislature may not adopt any law that conflicts with the state constitution. *Cook v. State*, 902 S.W.2d 471, 478-79 (Tex. Crim. App. 1995). But in order to invalidate a statute on the ground that it is unconstitutional, we must be able to point to a specific provision in the constitution that expressly or by necessary implication prohibits the legislature's action. *Shepherd v. San Jacinto Jr. College Dist.*, 363 S.W.2d 742, 743 (Tex. 1962). "'All power which is not limited by the Constitution inheres in the people, and an act of a state legislature is legal when the Constitution contains no prohibition against it.'" *Watts v. Mann*, 187 S.W.2d 917, 923 (Tex. Civ. App.–Austin 1945, writ ref'd) (quoting 11 AM. JUR. § 18, at 619). Courts have said that this presumption of validity is particularly strong with respect to statutes that relate to taxation. *See Vinson v. Burgess*, 773 S.W.2d 263, 266 (Tex. 1989); *State v. Texas City*, 295 S.W.2d 697, 704 (Tex. Civ. App.–Galveston 1956), *aff'd*, 303 S.W.2d 780 (Tex.), *appeal dism'd*, 355 U.S. 603 (1957).

Because we find no express constitutional prohibition against the statute at issue, we consider whether a prohibition must necessarily be implied. All doubts about a statute's constitutionality must be resolved in favor of the statute. *Blair v. Raziz*, 926 S.W.2d 784, 787 (Tex. App.–Tyler 1996, no writ). The primary argument advanced in opposition to the statute is that because the constitution requires notice and hearing for certain tax increases and prescribes the method for determining when that requirement applies, it is implied that the legislature may not impose a different requirement.

It is true that when the constitution *grants* a power, and where the manner of exercising that power is prescribed, it is implied that the prescribed manner excludes all others. *See Walker v. Baker*, 196 S.W.2d 324, 327-28 (Tex. 1946). Thus, for example, the Texas Supreme Court held that because the constitution gives the state Senate the power to confirm or reject the Governor's appointments, and specifies the circumstances under which the Senate can defeat an appointment, there is an implied prohibition against the Senate's power to add to or alter those circumstances. Although the legislature has plenary legislative powers, the court said, the confirmation or rejection of the Governor's appointments is an executive function normally reserved for the executive branch and which depends upon a specific grant of power in the constitution, a grant that cannot be altered. *Id.*

But article VIII, section 21 is not a grant of power; it is a limitation of power, as we shall explain. The power of the state to impose taxes is an inherent attribute of sovereignty, and is not dependent upon any grant of authority in the constitution. *See City of Beaumont v. Fertitta*, 415 S.W.2d 902, 909-10 (Tex. 1967); Tex. Att'y Gen. Op. No. V-33 (1947) at 1. While the constitution contains various provisions authorizing state taxation, it has been said that they are unnecessary and redundant, since taxation authority is inherent in the legislature's plenary powers. *See* 2 GEORGE D. BRADEN, THE CONSTITUTION OF THE STATE OF TEXAS: AN ANNOTATED AND COMPARATIVE ANALYSIS 562, 567 (1977). Courts have thus construed these provisions as limitations on the legislature's taxing authority, not as grants of power which may not be enlarged and not as preemptions on the legislature's authority to regulate taxation in a manner not inconsistent with the

constitution. *See Fertitta*, 415 S.W.2d at 909-11. The constitution itself provides that the specification of certain objects and subjects of taxation in the constitution does not prevent the legislature from requiring other subjects or objects to be taxed, unless there is an express constitutional prohibition.[1]

The taxation power of political subdivisions, unlike that of the legislature, is not inherent; it must be derived from grants or delegations of taxing authority in the state constitution or by statute. *See Tri-City Fresh Water Supply Dist. No. 2 v. Mann*, 142 S.W.2d 945, 948-49 (Tex. 1940); *Texas & P. Ry. Co. v. City of El Paso*, 85 S.W.2d 245, 247 (Tex. 1935). Where a political subdivision's authority to tax comes from the legislature, it is certainly within the legislature's power to limit that authority. *Edgewood Indep. Sch. Dist. v. Meno*, 917 S.W.2d 717, 739 (Tex. 1995). It is argued that where the constitution authorizes taxation by a political subdivision, the legislature may not limit that authority. But we know of no political subdivision with apparent constitutional taxation authority whose authority may not be limited or regulated by the legislature in a manner not inconsistent with the constitution.[2] Even home-rule cities, which have plenary powers subject only to the limitations of their own charters and ordinances, and of the constitution and statutes, are not free from legislative tax limitations. For example, article XI, section 5, allows cities of more than 5,000 population to "levy, assess and collect such taxes as may be authorized by law or by their charters," but at the same time provides that "[t]he adoption or amendment of charters is subject to any limitations as may be prescribed by the Legislature, and no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State." *See City of Sweetwater v. Geron*, 380 S.W.2d 550, 552 (Tex. 1964) (stating that legislature may limit powers granted to home-rule cities by constitution if it does so with unmistakable clarity). Courts have found that apparent constitutional grants of taxation power to political subdivisions are actually limitations on taxation

---

[1]Article VIII, section 17 provides: "The specification of the objects and subjects of taxation shall not deprive the legislature of the power to require other subjects or objects to be taxed in such manner as may be consistent with the principles of taxation fixed in this Constitution." Of this provision, one treatise observes:

> This is either an unnecessary or an indispensable provision. It is unnecessary if everyone understands that a legislature has plenary taxing power except for such limitations as are contained in the constitution. It is indispensable if some people think that taxing power has to be granted to the legislature. If, as is the case in the Texas Constitution, fuzzy drafting produces a mixture of granting words and limiting words, a Section 17 helps to knock down arguments against a new form of taxation.

2 GEORGE D. BRADEN, THE CONSTITUTION OF THE STATE OF TEXAS: AN ANNOTATED AND COMPARATIVE ANALYSIS 562, 644 (1977).

[2]*See* BRADEN, *supra* note 1, at 626 ("The Legislature can impose limits on the taxing power of counties, cities, towns, school districts, and other special districts."); *Stevenson v. Blake*, 113 S.W.2d 525, 527 (Tex. 1938) ("Subject to the limitation as to rate . . . the Legislature, under its general lawmaking power, has the authority to regulate all matters pertaining to the levying and assessing of the annual ad valorem taxes for general county purposes . . . ."); Tex. Att'y Gen. Op. V-33 (1947) at 3 (holding that legislature may impose limits on ad valorem taxation by cities, school districts, and irrigation districts where no limit is fixed in constitution).

authority, not grants of authority. *See Vinson*, 773 S.W.2d at 267 (holding that article VIII, section 1-a, authorizing counties to levy ad valorem taxes except for first $3,000 value of homesteads, is not grant of taxation power but limitation as to amount that counties may levy); *Mitchell County v. City Nat'l Bank*, 43 S.W. 880, 883 (Tex. 1898) (holding that former article XI, section 7, allowing coastal counties to levy tax for seawalls as may be authorized by legislature, but prohibiting debt without sinking fund, was not grant of power to counties but limitation on power of legislature to authorize counties to create debt without sinking fund). Thus the legislature may impose limits on the taxation authority of political subdivisions pursuant to its plenary legislative powers, and in fact imposed public notice and hearing requirements for tax increases even before the constitution required them.[3]

Thus, as we have said, article VIII, section 21, is a limitation on the legislature's plenary power to levy and to authorize the levy of property taxes, and a limitation on the taxation authority of political subdivisions. It prohibits political subdivisions from increasing taxes, unless they comply with public notice and hearing requirements, and it prohibits the legislature from allowing them to do so. Certainly, the legislature may not act beyond that limitation; it could not allow a political subdivision to impose taxes without complying with the constitution's requirements. *See Travelers' Ins. Co. v. Marshall*, 76 S.W.2d 1007, 1009 (Tex. 1934) ("Neither the Legislature, executive officers, nor the judiciary can lawfully act beyond the limitations of the Constitution."); *Crabb v. Celeste Indep. Sch. Dist.*, 146 S.W.2d 528, 529 (Tex. 1912) (holding that where constitution required tax to be approved by voters, school district could not impose taxes in newly annexed territory without vote of new residents). But where the constitution *limits* a power, the legislature is not prohibited from enacting laws that provide *additional limitations* on that power. Statutes may be *more* protective than a state constitution, although they may not be *less* protective, just as state constitutions and statutes, which may not conflict with the federal constitution, may be more protective than the federal constitution. *See Graham v. Texas Bd. of Pardons & Paroles*, 913 S.W.2d 745, 750 (Tex. App.–Austin 1996, writ dism'd); *Robbins v. State*, 696 S.W.2d 689, 690 (Tex. App.–Dallas 1985, pet. ref'd); *see also Dartt v. Browning-Ferris Indus.*, 691 N.E.2d 526, 531, 532 (Mass. 1998) ("A statute may provide greater protection than a constitutional counterpart."); *Forquer v. State*, 677 P.2d 1236, 1242 (Alaska 1984) ("A statute can certainly create greater procedural protections than those constitutionally mandated."). Tax Code section 26.05(d) limits local taxation power and requires public notice and hearing of a political subdivision's tax increase of any amount, without regard to whether the increase includes new improvements or new territory. In practice, it will require notice and hearing in more instances than would the constitution, and thus it is more protective of taxpayers than the constitution.

We recognize that article VIII, section 21(b) can also be viewed as a command for action, in that it prescribes the method by which political subdivisions shall determine when the constitutional limitation on their taxing power is triggered. It is true that when the constitution

---

[3]A statute in effect prior to the amendment of the constitution in 1978 required school districts to give public notice of effective tax increases. Section 21 of article VIII, criticized by opponents as unnecessary, constitutionalized the statutory requirement and applied it to all political subdivisions. *See* HOUSE STUDY GROUP, SPECIAL LEGISLATIVE REPORT, ANALYSIS OF HJR 1 (Aug. 16, 1978) at 24.

commands that a thing shall be done, the matter must be done as directed, and the legislature has no authority to set aside the mandate. *Alvarado v. State*, 202 S.W. 322, 323 (Tex. Crim. App. 1918). But we view the calculation requirement of section 21(b) as operative only in reference to section 21(a). It does not prohibit the legislature from imposing a different calculation or no calculation at all as part of a more strict statutory notice and hearing requirement adopted pursuant to the legislature's plenary powers.

In *Watts v. Mann*, 187 S.W.2d 917 (Tex. Civ. App.–Austin 1945, writ ref'd), the court considered the constitutionality of a statute prohibiting usury. At issue was article XVI, section 11, which then provided: "*All* contracts for a greater rate of interest than ten per centum per annum, shall be deemed usurious, and the first Legislature after this amendment is adopted, shall provide appropriate *pains and penalties* to prevent the same." *Id.* at 922 (emphasis added). It was argued that the Loan Shark Act was unconstitutional because it was enforceable by an injunction, which was not a "pain or penalty," and because the injunction remedy applied only to certain contracts, not to "all" contracts. The court said: "If we were dealing with a constitutional grant of power the argument might be apropos. But such clearly is not the case." *Id.* at 923. Instead, the court reasoned, the provision was an expression of constitutional intent that the legislature shall pass certain laws, and did not prohibit the legislature from passing other laws on the same subject, stating:

> A command in the constitution to the legislature to pass laws on a given subject cannot be understood to operate as a prohibition to enact laws on another, and, in the absence of some prohibition in the constitution of the state or of the United States, it is understood that a state legislature has power to pass all such laws as may be deemed necessary for public welfare, or the protection of private right.

*Id.* (quoting *San Antonio & A.P. Ry. Co. v. State*, 14 S.W. 1063, 1064 (Tex. 1891)).

In sum, in light of the strong presumption of validity, and in view of the requirement that we find an express or necessarily implied prohibition on legislative action, we conclude that section 26.05(d) is valid.[4]

---

[4]We also considered the effect of the language that opens article VIII, section 21: "*Subject to any exceptions prescribed by general law*, the total amount of property taxes imposed by a political subdivision in any year may not exceed the total amount of property taxes imposed by that subdivision in the preceding year . . . ." TEX. CONST. art. VIII, § 21 (emphasis added). This provision in subsection (a) allows the legislature to make exceptions to the notice and hearings requirements. The next paragraph, subsection (b), sets out the calculation requirements applicable to subsection (a), but contains no statement authorizing exceptions. Your letter suggests that the "subject to any exceptions" language of subsection (a) applies only to the notice and hearing requirements of subsection (a) and not to the calculation requirements in subsection (b), and therefore the legislature may not enact a law that does not require such calculations. A plain reading of the provision supports your view. Subsection (c), like subsection (a), states that it is "subject to reasonable exceptions." If the legislature had intended to allow exceptions to subsection (b), it would have included similar language. Furthermore, if section 26.05(d) is an exception to the calculation requirement, it is an exception that swallows the rule.

(continued...)

Finally, we recognize that the statute may be burdensome upon certain political subdivisions, as you point out in your letter. However, a court will not find unconstitutional a statute merely because it is harsh. *State v. Wynne*, 133 S.W.2d 951, 959 (Tex. 1939), *appeal dism'd*, 310 U.S. 610 (1940); *All Valley Acceptance Co. v. Durfey*, 800 S.W.2d 672, 677 (Tex. App.–Austin 1990, writ denied). As one court said of a seemingly harsh but valid tax statute: "If [the] same is unjust and needs amending, the power rests exclusively with the Legislature." *Wynne*, 133 S.W.2d at 959.

---

[4](...continued)

On the other hand, in Attorney General Opinion MW-495, we stated that a Tax Code provision excluding currently exempt property from the calculation of the preceding year's taxes, even if inconsistent with the calculation formula set out in the constitution, was permissible. "[S]ection 26.04, to the extent that it departs from any calculation formula set forth in article VIII, section 21, constitutes an 'exception prescribed by general law.'" Tex. Att'y Gen. Op. No. MW-495 (1982) at 4. We thus concluded that the exceptions language in subsection (a) applies to the calculation requirements in subsection (b) also. But we need not decide this question, because for the reasons stated above we do not believe that Tax Code section 26.05(d) is prohibited.

<u>**S U M M A R Y**</u>

Tax Code section 26.05(d), which requires public notice and hearing of intended property tax increases by political subdivisions, is not prohibited by article VIII, section 21 of the Texas Constitution.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Barbara Griffin
Assistant Attorney General