**Larry Darnell NELSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59720.**

Court of Criminal Appeals of Texas, Panel No. 3.

Nov. 12, 1980.

James Schweitzer, Galveston, for appellant.

James F. Hury, Jr., Dist. Atty. and David P. Walker, Asst. Dist. Atty., Galveston, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, ODOM and CLINTON, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for burglary of a habitation. Following appellant's plea of "true" to the allegations of a prior enhancing conviction, the court assessed punishment at twenty–five years.

Appellant, by way of original and supplemental briefs, raised five grounds of error, however, during oral argument he abandoned his fourth ground. His first three grounds of error essentially attack the trial court's admission of evidence stemming from an allegedly illegal search conducted by a private citizen. To support this contention he cites the Fourth and Fourteenth Amendments to the United States Constitution, Article I, Section 9 of the Texas Constitution, and Article 38.23 of the Texas Code of Criminal Procedure.

 The Fourth Amendment does not require the exclusion of incriminating evidence illegally obtained through a search by a private citizen. *Bodde v. State*, 568 S.W.2d 344, 353. An examination of the record reveals that neither the motion to suppress nor trial objection invoked the laws of this State; rather, appellant sought only that protection provided by federal constitutional law.

 Appellant may not, for the first time on appeal, urge error not raised at trial. The error presented on appeal must be the same as the objection raised before the trial court. There was no objection invoking the laws of this State; hence that error is not presented for review. See, e. g. *Simpkins v. State*, 590 S.W.2d 129; *Bouchillon v. State*, Tex.Cr.App., 540 S.W.2d 319; *Lejeune v. State*, Tex.Cr.App., 538 S.W.2d 775.

 In the fifth ground of error it is contended that the trial court erred when it allowed the jury, which had previously retired to deliberate, "to hear the testimony of [appellant] from the court reporter's stenographic notes of a prior hearing on a motion to suppress,[1] thereby violating [appellant's] right to due process . . . and the right against self incrimination." The testimony addressed by this ground of error was adduced at trial during cross–examination by the State, and is as follows:

"Q. [Prosecutor]: Didn't you tell us earlier that was the house you were looking for? Didn't you tell us that when we had a motion here before—

"MR. BAZAMAN: I object to any testimony that might have arisen out of any prior motion . . .

\* \* \* \* \* \*

"THE COURT: I overrule the objection.

\* \* \* \* \* \*

"Q. [Prosecutor]: Didn't you tell us that was the house that you were looking for?

"A. [Appellant]: No, sir."

After the jury began deliberations at the guilt stage, they twice requested to have read that "portion of transcript that refers to April court hearing when Nelson was on the witness stand." The record then indicates that the testimony adduced at trial, which we have set out above, was in fact reread to the jury following each request, over defense objection. *Simmons v. United States*, 390 U.S. 377, 394, 88 S.Ct. 967, 976, 19 L.Ed.2d 1247, relied on by appellant, stands for the proposition that as a matter of federal constitutional law, when a defendant testifies in support of a motion to suppress evidence, such testimony may not be thereafter admitted against him as *substantive* evidence on the issue of guilt unless he makes no objection. Assuming arguendo that evidence of his testimony at a prior motion to suppress hearing was admitted during the trial, it was here admitted during cross–examination for impeachment purposes.[2] Hence, the rule of *Simmons* was

---

1. This ground of error is actually directed to testimony adduced at trial, not to testimony adduced at a pretrial motion to suppress.

2. *Franklin v. State* (10/24/79), is not in conflict with our holding today. In that

not applicable and no error was committed by rereading to the jury that portion of the trial testimony complained of here. Appellant's fifth ground of error is overruled.

There being no reversible error, the judgment is affirmed.

case it was error to impeach the defendant with his *failure* to testify to his defensive theory at pretrial hearings. In this case appellant apparently gave a *different* version of the same facts at the *prior hearing*. As explained by the United States Supreme Court, impeachment follows the defendant's *own decision* to case aside his cloak of silence and advance the truth–finding function of the criminal trial. See *Jenkins v. Anderson*, 447 U.S. 231, 238, 100 S.Ct. 2124, 2129, 65 L.Ed.2d 86 (1980); *Harris v. New York*, 401 U.S. 222, 225, 91 S.Ct. 643, 645, 28 L.Ed.2d 1 (1971).