OPINION
BURGESS, Justice.
Lawrence Johnson, Jr. was convicted of burglary of a building. The jury found him guilty and assessed his punishment at 8 years confinement in the Texas Department of Corrections. Johnson brings forth two grounds of error. Ground of error number one states:
“Reversible error occurred when the Trial Court compelled Appellant to give evidence against himself.”
Ground of error number two states:
“Fundamental error occurred when the Trial Court violated Appellant’s constitutional privilege against self-incrimination.”
Each of these grounds of error are predicated on the following exchange:
“[DEFENSE COUNSEL]: Your Honor, for purposes of the record, Mr. Johnson, it is his desire not to take the stand again. It is his voluntary decision.
“THE COURT: Is that correct, Mr. Johnson?
“THE DEFENDANT: That is right.
(Recess observed by all parties, after which the following proceedings were had in the presence and hearing of the jury)
“THE COURT: Let the record reflect all members of the jury are present.
The State may proceed.
“[STATE’S ATTORNEY]: Your Honor, at this time the State would offer into evidence State’s Exhibits number 7 and 8, prior convictions of the Defendant.
“[DEFENSE COUNSEL]: Your Honor, may we approach the bench?
“THE COURT: Yes, sir.
(Conference between the Court and counsel outside the hearing of the jury and the reporter, after which the following proceedings were had:)
“THE COURT: Any objection?
“[DEFENSE COUNSEL]: We have no objection, Your Honor.
“THE COURT: State’s Exhibits number 7 and 8 are admitted.
(State’s Exhibits number 7 and 8, documents relating to prior convictions of the Defendant, duplicated and same will be found at the conclusion of this transcript.)
“THE COURT: Mr. Johnson, State’s Exhibit number 7 is a judgment and sentence. I need to ask you a couple of questions. You were convicted on May 11, 1966, in the Criminal District Court of Jefferson County, Texas, in cause number 25,937 for the felony offense of attempted burglary. Is that true?
“THE DEFENDANT: Yes, sir.
“THE COURT: You are the same person?
“THE DEFENDANT: Yes, sir.
“THE COURT: State’s Exhibit number 8 states that you were convicted on June 14, 1984, in cause number 69,278, in the County Court at Law number 2 of Jefferson County, Texas, for the misdemeanor offense of driving while intoxicated, first offense. Is that true?
“THE DEFENDANT: Yes, sir.
“THE COURT: Anything else from the State?
“[STATE’S ATTORNEY]: Nothing else, Your Honor. The State would rest.
*141 “THE COURT: Defense?
“[DEFENSE COUNSEL]: We have no evidence, Your Honor.”
Prior to this exchange the appellant had earlier stated his desire not to testify, to wit:
(Recess observed by all parties, after which the following proceedings were had outside the •presence and hearing of the jury:)
“[DEFENSE COUNSEL]: Your Honor, for purposes of the record, Mr. Johnson, it was his own decision not to take the stand.
“THE COURT: All right. Mr. Johnson, your lawyer has told me you have decided not to testify in your own behalf. Is that correct?
“THE DEFENDANT: Yes, sir.
“THE COURT: Is that your decision?
“THE DEFENDANT: Yes, sir.”
No objection was made to the court’s questioning of the defendant. Texas has long had a contemporaneous objection requirement even in constitutional error. Parker v. State, 649 S.W.2d 46 (Tex.Crim.App.1983). It is also been held that:
“It is well settled that almost every right, constitutional and statutory, may be waived by the failure to object. For example, see Dunavin v. State, 611 S.W.2d 91 (Tex.Cr.App.1981) (a search case); Nelson v. State, 607 S.W.2d 554 (Tex.Cr.App.1980) (a search case); Moulden v. State, 576 S.W.2d 817 (Tex.Cr.App.1978) (confession case); and Russell v. State, 665 S.W.2d 771 (Tex.Cr.App.1983). As to ‘due process’ and waiver thereof see Crawford v. State, 617 S.W.2d 925 (Tex.Cr.App.1981), and Boulware v. State, 542 S.W.2d 677 (Tex.Cr.App.1976). And now more recently see Rogers v. State, 640 S.W.2d 248 (Tex.Cr.App.1982) (probation revocation case).”
Borgen v. State, 672 S.W.2d 456, 460 (Tex.Crim.App.1984). There have been no cases decided involving a situation of this type. Thus is questioning the defendant by the court in the presence of the jury, the type of constitutional violation where no direct objection is necessary to preserve the error? We believe so.
Judge Onion, in Brumfield v. State, 445 S.W.2d 732, 734-35 (Tex.Crim.App.1969) stated very eloquently:
“The Fifth Amendment, United States Constitution, provides that an accused in a criminal prosecution shall not be compelled to give evidence against himself. Such amendment has now become applicable to the states. [Citations omitted]
The Texas Constitution, Article I, Sec. 10, contains a similar provision. See also Article 1.05, Y.A.C.C.P.
And it has been said that this federal constitutional right must not be interpreted ‘in a hostile or niggardly spirit,’ Ullmann v. United States, 350 U.S. 422, 76 S.Ct. 497, 518, 100 L.Ed. 511 [ (1956) ] and should be given a liberal application and construction, Spevack v. Klein, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574 [ (1967) ]; [Further citations omitted], for the privilege against self-incrimination is as broad as the mischief against which it seeks to guard. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 [ (1966) ].
The proposition that a criminal defendant cannot be compelled to take the stand and give evidence against himself is so well understood that it requires no citation of authority to support it.”
Furthermore, the assertion by the defendant that he did not want to take the stand was just prior to the court’s questioning. This should serve as a contemporaneous objection to preserve error. Why the court engaged in such a practice is only subject to speculation. It is not inconceivable the court mistakenly thought the prior convictions had been alleged as enhancement paragraphs and was, in a manner of speaking, seeking the defendant 'to plead “true” or “not true”. If that were the case, it would have been proper to seek such a plea. Brumfield, supra. This, however, was not the case.
The court, by its actions, however inadvertent or innocent, violated Mr. Johnson’s privilege against self incrimination. *142 This valuable right must be jealously protected by everyone. We are, therefore, constrained to sustain appellant’s grounds of error. The judgment of the trial court is reversed and it is remanded for a new trial.
REVERSED AND REMANDED.