Frank James POLK, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 296–86.

Court of Criminal Appeals of Texas, En Banc.

Oct. 7, 1987.

R.K. Weaver, Royce West, Dallas, for appellant.

John Vance, Dist. Atty. & Gary A. Moore, Elizabeth L. Phifer, Marcus Bush & Jeffrey A. Hines, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

The appellant was convicted by a jury for the offense of murder. Punishment was assessed by the court at 25 years imprisonment in the Texas Department of Corrections. The Dallas Court of Appeals reversed and remanded, holding that appellant's confession was inadmissible under Art. 38.23, V.A.C.C.P., because it was the fruit of an illegal arrest. *Polk v. State*, 704 S.W.2d 929 (Tex.App.—Dallas 1986). We granted the State's Petition for Discretionary Review to determine whether appellant preserved error under Art. 38.23, supra, for review by the Court of Appeals. We will affirm the decision of the Court of Appeals.

The evidence at trial showed that Richard Franchett was murdered on November 4, 1984. Police suspected appellant of the crime. Appellant was arrested on an outstanding arrest warrant for violation of the Safety Responsibility Act, Art. 6701h, V.A. C.S. (Supp.1986), given the warnings required under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and informed that he was a suspect in the murder case. Appellant was taken to the police station and again given *Miranda* warnings, but he was not taken before a magistrate. Approximately one hour after his arrest, appellant gave his confession to the murder. Portions of his confession were introduced at trial over his objection.

The Court of Appeals held the following: the complaint upon which appellant's arrest warrant was based was defective for failure to state a date, as required by Art. 15.05, V.A.C.C.P.; the warrant was invalid because it was based on a defective complaint; appellant's arrest was illegal because it was based on an invalid warrant; and the State failed to show the taint of that arrest on appellant's confession was attenuated, thereby rendering the confession inadmissible. The Court of Appeals decided the question of admissibility of the confession solely on the basis of its interpretation of Art. 38.23, V.A.C.C.P. *Polk*, supra, at 934.

In its Petition for Discretionary Review, the State argues the issue of admissibility of appellant's confession under Art. 38.23, supra, was not properly before the Court of Appeals because appellant failed to object to admission of the confession at trial on that statutory ground. The State contends that *Nelson v. State*, 607 S.W.2d 554 (Tex.Cr.App.1980), requires appellant to specifically invoke Art. 38.23, supra, in his objection to preserve error on that ground for appeal. We disagree with the State's interpretation of *Nelson*, supra, and hold that appellant must only object on State law grounds to invoke the Texas exclusionary rule, Art. 38.23, supra.

We first note that under federal law, a defendant is not required to specifically object on the basis of the federal exclusionary rule; he need only object to the admissibility of evidence on the ground that the evidence was obtained through a search or seizure which violated the Fourth Amendment to invoke the federal exclusionary rule. See *Alderman v. United States*, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); and *Goldstein v. United States*, 316 U.S. 114, 62 S.Ct. 1000, 86 L.Ed. 1312 (1942). It is not necessary for a federal defendant to specifically state that his ground for exclusion is the exclusionary rule of *Weeks v. United States*, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed.2d 652 (1914), because there is no other federal exclusionary rule. The defendant need only state federal grounds for

excluding evidence; invocation of the federal exclusionary rule is automatic.

 We find that the law in Texas is the same. Article 38.23, supra, the Texas exclusionary rule, provides in pertinent part:

"No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."

Article 38.23, supra, is not an independent basis for objecting to admission of evidence at trial, but rather is a procedural result which applies after an objection to the admission of evidence has been sustained. Also, this Court held in *Jordan v. State*, 562 S.W.2d 472 (Tex.Cr.App.1978), that the terms of Art. 38.23, supra, are mandatory. See also *Hernandez v. State*, 600 S.W.2d 793 (Tex.Cr.App.1980). Violation of a State statute or constitutional provision in obtaining evidence requires suppression of that evidence under Art. 38.23, supra; a judge has no discretion in ruling on the exclusion of that evidence.

We find that a defendant is not required to specifically state Art. 38.23, supra, in his objection to the admissibility of evidence at trial to preserve error on appeal. A review of the facts and holding in *Nelson*, supra, will reinforce our finding. In *Nelson*, supra, the defendant attacked the admissibility of evidence resulting from an allegedly illegal search and claimed on appeal that the evidence was inadmissible under Art. I, Sec. 9, of the Texas Constitution and Art. 38.23 of the Texas Code of Criminal Procedure. The defendant, however, failed to invoke the laws of this State in his motion to suppress or in his trial objection to the evidence. This Court held that since there was no objection at trial invoking the *laws of the State*, the error was not presented for review under either the Texas Constitution or Art. 38.23, supra. *Nelson*, supra, at 555 (emphasis added). If the defendant invokes Texas law, either statutory or constitutional, as grounds for excluding evidence at trial, the provisions of Art. 38.23, supra, are automatically invoked. Thus, the State's contention that *Nelson*, supra, requires an objection specifically invoking Art. 38.23, supra, in such a situation is incorrect.

The judgment of the Court of Appeals is affirmed.