NUMBER 13-02-431-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

SANFORD ALDEN SUTFIN,                                                       Appellant, 
 
v.

 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 36th District Court of San Patricio County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Opinion by Justice Garza
 
By three issues, appellant, Sanford Alden Sutfin, challenges his conviction for
possession of methamphetamine. See Tex. Health & Safety Code Ann. §§ 481.102(6),
481.115 (Vernon 2003). We affirm.
1. Ineffective Assistance of Counsel 
In his first issue, appellant contends that his conviction must be reversed because
he was given ineffective assistance of counsel at trial. We follow a two-pronged procedure
to determine whether representation was so inadequate that it violated the sixth
amendment right to counsel. Munoz v. State, 24 S.W.3d 427, 433 (Tex. App.–Corpus
Christi 2000, no pet.) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984);
Hernandez v. State, 726 S.W.2d 53, 54-55 (Tex. Crim. App. 1986)). First, trial counsel’s
performance must fall below an objective standard of reasonableness. Id. (citing
Strickland, 466 U.S. at 687-88). Second, appellant must prove, by a reasonable
probability, that counsel’s deficient performance prejudiced the defense—that but for
counsel’s errors, the result of the proceeding would have been different. See id. (citing
Strickland, 466 U.S. at 686, 694). A reasonable probability is a probability sufficient to
undermine confidence in the outcome. Id. at 433-34 (citing Strickland, 466 U.S. at 693). 
Appellant must overcome a strong presumption that counsel’s performance fell within the
wide range of reasonable professional assistance. Id. at 434 (citing Thompson v. State,
9 S.W.3d 808, 812-14 (Tex Crim. App. 1999); Tijerina v. State, 921 S.W.2d 287, 289 (Tex.
App.–Corpus Christi 1996, no pet.)). 
Appellant argues that he received ineffective assistance of counsel at trial because
his attorney failed to file either a motion in limine or a motion to suppress testimony that
appellant was on parole at the time of his arrest and that he had allegedly violated the
terms of his parole prior to his arrest. The information in question was offered initially by
the State through the testimony of the officer who arrested appellant. On direct
examination, the arresting officer testified that appellant was a passenger in a vehicle that
had been stopped for speeding. After arresting the driver for driving with a suspended
license, the arresting officer questioned appellant to determine whether he could drive the
vehicle home. Appellant produced a valid identification, which the officer used to run a
background check. After learning that there were no outstanding warrants for appellant’s
arrest, the officer asked appellant to step out of the vehicle. Appellant complied, telling the
officer that he “didn’t want any trouble . . . [because] he just got out of jail.” The officer
asked why he had been in jail, and appellant explained that he was alleged to have broken
the terms of his parole by testing positive for illegal drug use. The officer asked appellant
to produce a second form of identification. As appellant was searching his wallet for
additional identification, a small red plastic bag fell out of his wallet and landed on the
shoulder of the road. The officer retrieved the bag, which he believed contained illegal
drugs, and arrested appellant.
Appellant’s trial counsel did not object to the arresting officer’s testimony, but
instead, put appellant on the witness stand and asked him to confirm the officer’s version
of events. Appellant’s testimony corroborated much of the officer’s testimony. Specifically,
appellant admitted telling the officer that he was on parole and that he had been recently
released from jail for an alleged parole violation, but he maintained that the red plastic bag
did not fall from his wallet and that it was not his.
During his closing argument, appellant’s trial counsel used appellant’s parolee
status and alleged parole violation to argue for an acquittal. Counsel told the jury that, as
a parolee, the consequences of being in possession would be more dire for appellant than
for a non-parolee and, therefore, appellant was less likely to have been in possession of
the methamphetamine. Counsel also emphasized that appellant had been exonerated by
the parole board for his alleged parole violation involving the use of illegal drugs. Counsel
argued that the parole board’s decision to continue appellant’s parole indicated appellant
had not used illegal drugs during the time in question and that, therefore, a reasonable
doubt existed as to whether he had been in possession of the red plastic bag recovered
by the arresting officer. 
Although counsel’s strategy might be second-guessed with the benefit of hindsight,
the record does not establish that his performance fell below an objective standard of
reasonableness. See id. at 433. To the contrary, the record demonstrates that counsel
employed a strategy intended to create a reasonable doubt as to appellant’s guilt. 
Appellant has not shown counsel’s performance was deficient. Appellant’s ineffectiveness
claim is therefore overruled. See id. at 434 (“Failure to make the required showing of either
deficient performance or sufficient prejudice defeats the ineffectiveness claim.”) (quoting
Strickland, 466 U.S. at 700).         
2. Reasonable Suspicion to Detain / Probable Cause to Arrest
In his second issue, appellant claims that his detention and arrest were illegal. 
However, no objections were made at trial. Furthermore, neither of appellant’s two court-appointed appellate attorneys has raised the failure of trial counsel to object in making their
arguments for counsel’s ineffectiveness. Although appellant might have raised this issue
indirectly through his ineffectiveness claim, he cannot raise it directly for the first time on
appeal. See Bell v. State, 938 S.W.2d 35, 47-48 (Tex. Crim. App. 1996) (holding that
appellant could not challenge illegal search and seizure on appeal where only objection at
trial was to the illegality of arrest); Chairs v. State, 878 S.W.2d 250, 252 (Tex. App.–Corpus
Christi 1994, no pet.) (“Ordinarily, error that was never raised in the trial court, may not be
urged for the first time on appeal.”). The issue was not preserved because no objections
were made at trial. See Tex. R. App. P. 33.1; Nelson v. State, 607 S.W.2d 554, 555 (Tex.
Crim. App. 1980). Appellant’s second issue is overruled.  
3. Sufficiency of the Evidence 
In his third issue, appellant challenges the sufficiency of the evidence supporting his
conviction. Appellant’s brief does not specify whether his third issue relates to the legal or
factual sufficiency of the evidence. It also fails to discuss the standard of review for either
challenge. Because the relief requested by appellant, an acquittal, is consistent only with
a legal sufficiency challenge, we construe his third issue as such and will not review the
record for factual sufficiency. See Cardenas v. State, 30 S.W.3d 384, 386 n.2 (Tex. Crim.
App. 2000) (conducting only a legal sufficiency review where defendant requests an
acquittal and does not adequately brief factual sufficiency). 
Evidentiary sufficiency is measured against the elements of the offense as defined
by the hypothetically correct jury charge for the case. Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997); see also Fuller v. State, 73 S.W.3d 250, 252 (Tex. Crim. App.
2002). Such a charge would accurately set out the law, would be authorized by the
indictment, and would not unnecessarily increase the State’s burden of proof. Malik, 953
S.W.2d at 240. The standard for reviewing a legal sufficiency challenge is whether any
rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003). In
evaluating a legal sufficiency challenge, the evidence is examined in the light most
favorable to the verdict. Id.
Possession is defined in the penal code as “actual care, custody, control or
management.” Tex. Penal Code Ann. § 1.07(a)(39) (Vernon Supp. 2004). Possession of
contraband requires the State to prove (1) that the defendant exercised actual care,
custody, control, or management over the contraband and (2) that the defendant had
knowledge that the substance in his possession was contraband. See King v. State, 895
S.W.2d 701, 703 (Tex. Crim. App. 1995). In this case, the arresting officer testified that
he saw the red plastic bag containing methamphetamine fall out of appellant’s wallet. 
Thus, in the light most favorable to the verdict, the first element of possession is
established: appellant exercised actual care, custody, control, and management over the
contraband. 
Appellant, however, argues that there is no evidence in the record to establish the
second element of possession, appellant’s knowledge that the substance was contraband,
because the amount of methamphetamine recovered from the plastic bag was only two-one hundredths of a gram, which, according to appellant, is not a useable or detectable
amount. This squarely contradicts the court of criminal appeals, which has explained that
possession does not require the amount of contraband to be useable or visible to the
naked eye. See Joseph v. State, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995). 
Nevertheless, knowledge cannot be inferred from control alone, or the first element of
possession would subsume the second. There must be some evidence to establish that
the defendant knew the substance was contraband. See King, 895 S.W.2d at 703. Such
evidence is present in this case. The arresting officer testified that the contraband was
visible and identifiable as a drug. He described it as a white powdery substance packaged
in a red plastic bag. The officer further testified that the packaging was consistent with his
experience and training in the packaging of narcotics. Thus, the evidence shows that
appellant was in control of a substance that was readily identifiable as an illegal drug. This
suffices to establish possession. See id. Appellant’s third issue is overruled.
4. Conclusion
Having overruled each of appellant’s issues, this Court affirms the judgment of the
trial court.  
          
________________________
                                                                           DORI CONTRERAS GARZA,
                                                                           Justice
 
 
Do not publish.
Tex.R.App.P. 47.2(b)
Opinion delivered and filed 
this the 3rd day of June, 2004.