PD-0157-15

PD-0157-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/12/2015 4:13:40 PM
Accepted 3/13/2015 10:20:16 AM
ABEL ACOSTA
CLERK

# IN THE COURT
## OF CRIMINAL APPEALS OF TEXAS

| | | |
|---|---|---|
| **GENE ALLEN BURKS,** | § | |
| *APPELLANT* | § | |
| | § | |
| **V.** | § | **NO. PD-0157-15** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| *APPELLEE* | § | |

§ § §

## STATE'S PETITION FOR DISCRETIONARY REVIEW

§ § §

SHAREN WILSON
Criminal District Attorney
Tarrant County, Texas

DEBRA WINDSOR, Assistant
Criminal District Attorney
Chief, Post-Conviction

TANYA S. DOHONEY, Assistant
Criminal District Attorney
Tim Curry Criminal Justice Center
401 W. Belknap
Fort Worth, Texas  76196-0201
(817) 884-1687 FAX (817) 884-1672
State Bar No. 02760900
CCAAppellateAlerts@tarrantcountytx.gov

LISA C. MCMINN
State Prosecuting Attorney

FILED IN
COURT OF CRIMINAL APPEALS

March 13, 2015

ABEL ACOSTA, CLERK

## ORAL ARGUMENT IS REQUESTED

## IDENTITY OF THE JUDGE, PARTIES, AND COUNSEL

The State of Texas, represented by the Hon. Sharen Wilson, Tarrant County Criminal District Attorney, prosecutes this appeal. Additionally, representing the State on appeal is the Hon. Tanya S. Dohoney, Assistant Criminal District Attorney and Hon. Debra Windsor, Post-Conviction Chief. At trial, the Hon. Bryan P. Hoeller represented the prosecution. The State's attorneys' address is Office of the Criminal District Attorney of Tarrant County, Tim Curry Criminal Justice Center, 401 W. Belknap, Fort Worth, Texas 76196-0201.

Appellant, Defendant below, is Gene Allen Burks. Hon. Abe Factor, 5719 Airport Freeway, Fort Worth, Texas, 76117, represented Appellee at trial and now on appeal. On appeal, Hon. Tim Robinson, 210 N. Park Blvd. #112, Grapevine, Texas 76051, also represents Appellant.

The trial court judge for Appellant's cause was the Hon. Scott Wisch, presiding judge of the 372nd Judicial District Court of Tarrant County.

# SUBJECT INDEX

IDENTITY OF JUDGE, PARTIES, AND COUNSEL ................................... ii

INDEX OF AUTHORITIES........................................................................ v

STATEMENT REGARDING ORAL ARGUMENT......................................1

STATEMENT OF THE CASE ...................................................................2

STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE ............2

STATEMENT OF FACTS ..........................................................................3

QUESTIONS PRESENTED FOR REVIEW................................................4

**FIRST QUESTION FOR REVIEW** ........................................................4
Does a warrantless, nonconsensual blood draw conducted
pursuant to TEX. TRANSP. CODE §724.012(b)
violate the Fourth Amendment?

**SECOND QUESTION FOR REVIEW** .....................................................4
Are Fourth Amendment warrant-preference exceptions the
sole measure of Fourth Amendment reasonableness in
warrantless scenarios?

**THIRD QUESTION FOR REVIEW**............................................................4
Do exclusionary rule principles mandate suppression of
blood evidence seized via a warrantless, nonconsensual,
valid-at-the-time mandatory blood draw?
TEX. CODE CRIM. PROC. art. 38.23(b).

ARGUMENTS AND AUTHORITIES............................................................5

*I. Valid, compelled statutory blood draw...................................................6*

*A. Codification of Fourth Amendment principles*..................................7

*B. Special-needs framework adds to the reasonableness calculation*............................................9

*C. Erroneous Consideration of the "Less Intrusive Means" Test* ........11

*II. Implied-Consent Draws Are Reasonable* .............................................12

*III. Exclusionary rule inapplicable and not invoked*...................................14

CONCLUSION AND PRAYER.................................................................18

CERTIFICATE OF COMPLIANCE.............................................................19

CERTIFICATE OF SERVICE...................................................................19

COURT OF APPEALS' OPINION ...............................................APPENDIX

iv

# INDEX OF AUTHORITIES

**CASES**

*Beeman v. State*,
86 S.W.3d 613 (Tex. Crim. App. 2002) ................................................. 15

*Breithaupt v. Abram*,
352 U.S. 432 (1957).................................................................................. 13

*Burks v. State*,
No. 02-13-00560-CR, ___ S.W.3d ___, 2015 WL 115964
(Tex. App.—Fort Worth January 8, 2015) ............................................ 2,3

*Davis v. United States*,
___ U.S. ___, 131 S. Ct. 2419 (2011) ................................................. 14,15

*Douds v. State*,
434 S.W.3d 842 (Tex. App.—Houston [14th] 2014, pet. granted) ....... 5,6n

*Ex parte Tharpe*,
935 S.W.2d 157 (Tex. Crim. App. 1996) ................................................ 10

*Heien v. North Carolina*,
___ S.Ct. ___, 2014 WL 7010684 (2014)................................................ 16

*Holidy v. State*,
No. 06-13-00261-CR, 2014 WL 1722171
(Tex. App.—Texarkana 2014, pet. granted) ........................................ 6 & n

*Hulit v. State*,
982 S.W.2d 431 (Tex. Crim. App. 1998) ............................................. 12,13

*Illinois v. Krull*,
480 U.S. 342 (1987)............................................................................. 14,15n

*Karev v. State*,
  281 S.W.3d 428 (Tex. Crim. App 2009) ................................................. 15n

*Mapp v. Ohio*,
  367 U.S. 643 (1961).................................................................................. 15

*Maryland v. King*,
  569 U.S. ___, 133 S.Ct. 1958 (2013) ...................................................... 12

*McGee v. State*,
  105 S.W.3d 609 (Tex. Crim. App. 2003) ................................................. 13

*Michigan Dept. of State Police v. Sitz*,
  496 U.S. 444 (1990)................................................................................. 12

*Michigan v. DeFillippo*,
  443 U.S. 31 (1979).................................................................................. 16

*McGruder v. State*,
  No. 10-13-109-CR, ___ S.W.3d ___, 2014 WL 3973089
  (Tex. App.—Waco 2014, pet. granted)................................................6 & n

*Miles v. State*,
  241 S.W.3d 28 (Tex. Crim. App. 2007) ..................................................... 7

*Missouri v. McNeely,*
  569 U.S. ___, 133 S.Ct. 1552 (2013) ..............................................*passim*

*Reeder v. State*,
  428 S.W.3d 924 (Tex. App.—Texarkana 2014, pet. granted)...........6 & 6n

*Schmerber v. California*,
  384 U.S. 757 (1966)................................................................................. 8n

*Segundo v. State*,
  270 S.W.3d 79 (Tex. Crim. App. 2008), *cert. denied,*
  558 U.S. 828 (2009)............................................................................ 12,13

*Skinner v. Railway Labor Executives' Ass'n*,
 489 U.S. 602 (1989).........................................................................9-12

*Smith v. State*,
 No. 13-11-00694-CR, ___ S.W.3d ___, 2014 WL 5901759
 (Tex. App.—Corpus Christi 2014, pet. granted) ................................6 & n

*State v. Reese*,
 353 Wis.2d 266, 844 N.W.2d 396 (Wis. App. 2014) ............................ 16n

*State v. Villarreal,*
 ___ S.W.3d ___, 2014 WL 6734178 (Tex. Crim. App. 2014)
 (reh'g granted Feb. 25, 2015) .......................................................*passim*

*Thornton v. State*,
 145 S.W.3d 228 (Tex. Crim. App. 2004) ............................................. 16n

*United States v Peltier*,
 422 U.S. 531 (1975).......................................................................... 15n

*Weems v. State*,
 434 S.W.3d 655 (Tex. App.—San Antonio  2014, pet. granted) ..........6 & n

*Welsh v. Wisconsin*,
 466 U.S. 740 (1984)............................................................................. 8

*Vernonia School District 47J v. Acton*,
 515 U.S. 646 (1995)............................................................................ 11

## ADDITIONAL AUTHORITIES

U.S. Const. amend. IV .........................................................................9,12

Tex. Code Crim. Proc. art. 14.04.............................................................9

Tex. Code Crim. Proc. art. 18.16.............................................................7

TEX. CODE CRIM. PROC. art. 38.23.....................................................4,15-17

TEX. PENAL CODE §1.07 ............................................................... 15

TEX. PENAL CODE §49.04 ................................................................7

TEX. PENAL CODE §49.00 ................................................................7

TEX. TRANSP. CODE §524.01 ........................................................ 10

TEX. TRANSP. CODE §724.012 ...............................................*passim*

TEX. R. APP. P. 66.3 ........................................................................6

# IN THE COURT
## OF CRIMINAL APPEALS OF TEXAS

| | | |
|---|---|---|
| GENE ALLEN BURKS, | § | |
| *APPELLANT* | § | |
| | § | |
| V. | § | NO. PD-0157-15 |
| | § | |
| THE STATE OF TEXAS, | § | |
| *APPELLEE* | § | |

## STATE'S PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUDGES OF
THE COURT OF CRIMINAL APPEALS:

Comes now the State of Texas, by and through her Tarrant County Criminal District Attorney, and respectfully urges this Court to grant discretionary review of this cause in accordance with the rules of appellate procedure.

## STATEMENT REGARDING ORAL ARGUMENT

The reasonableness of statutory mandatory blood draws merits argument. Likewise, argument should be granted to discuss the inapplicability of the exclusionary rule to cases where, at the time of the seizure, the officer's conduct conformed to ubiquitous, nationally-recognized criterion that did not violate constitutional protections.

1

## STATEMENT OF THE CASE

Appellant premised a pretrial suppression claim on the Supreme Court's decision in *Missouri v. McNeely*, 569 U.S. ___, 133 S.Ct. 1552 (2013). (1CR at 14-17). The trial judge rejected the defense argument attacking the validity of blood seized pursuant the Texas implied-consent statute. (2RR at 11-16). Appellant pled guilty to felony driving-while-intoxicated [DWI], and the trial court sentenced him to ten years' incarceration, probated. (1CR at 5,49-54,56-58). TEX. PENAL CODE §§49.04, 49.09[1]; TEX. TRANSP. CODE §724.012(b).

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

The Fort Worth Court of Appeals reversed the trial court in a published opinion authored by Justice Sue Walker. *Burks v. State*, No. 02-13-00560-CR, ___ S.W.3d ___, 2015 WL 115964 (Tex. App.—Fort Worth January 8, 2015). Rehearing was not sought. The State files this petition, due on March 11, 2015, following one extension.

---

[1] Statutory cites throughout are to the current version.

2

## STATEMENT OF FACTS

The parties stipulated to the case's facts including those encompassing the stop of Appellant's vehicle, the factors culminating in his felony DWI arrest, and the mandatory-draw predicate under Texas' implied-consent statute. TEX. TRANSP. CODE §724.012(b). (1CR at 48; 2RR at 5-7; 3RR at SX1). When denying the motion to suppress, the judge found that:

- the circumstances surrounding Appellant's offense did not present any factual exigency, (2RR at 12);

- officers conducted the blood draw under the authority of Transportation Code Section 724.012(b), (2RR at 12,14);

- the totality of the circumstances warranted reliance on the limited provisions of the implied-consent statute, (2RR at 13);

- officers could have obtained a warrant, (2RR at 14);

- as a licensed driver, Appellant had notice of the implied-consent provisions applied, (2RR at 15);

- public safety/welfare considerations supported the judge's decision to reject suppression, (2RR at 13-16).

The Fort Worth Court rejected the trial court's ruling. *Burks*, 2015 WL 115964, at *1-3 (Tex. App.—Fort Worth January 8, 2015). The court relied on this Court's decision in *Villarreal*. *State v. Villarreal*, ___ S.W.3d ___, 2014 WL 6734178 (Tex. Crim. App. 2014) (reh'g granted Feb. 25, 2015).

3

The lower court's opinion also applied article 38.23(b) and held that the Texas exclusionary rule did not apply to a warrantless seizure. *Id.* at *3.

## QUESTIONS PRESENTED FOR REVIEW

### FIRST QUESTION FOR REVIEW

Does a warrantless, nonconsensual blood draw
conducted pursuant to TEX. TRANSP. CODE §724.012(b)
violate the Fourth Amendment?
(2RR at 11-16)

### SECOND QUESTION FOR REVIEW

Are Fourth Amendment warrant-preference exceptions
the sole measure of Fourth Amendment reasonableness
in warrantless scenarios?
(2RR at 11-16)

### THIRD QUESTION FOR REVIEW

Do exclusionary rule principles mandate suppression of
blood evidence seized via a warrantless, nonconsensual,
valid-at-the-time mandatory blood draw?
TEX. CODE CRIM. PROC. art. 38.23(b). (2RR at 11-16)

4

## ARGUMENTS AND AUTHORITIES

This Court is in the midst of deciding the issues presented herein. Whilst a November 2014 decision addressed the merits of the Fourth Amendment issue in one of the several *McNeely*-related cases pending before this Court at that time, the case is in flux since the Court recently granted rehearing. *Villarreal*, 2014 WL 6734178 (Tex. Crim. App. 2014) (reh'g granted Feb. 25, 2015). Per the Court's docket, *Villarreal* is now set for submission on March 18, 2015, the same day another *McNeely* case is set for submission. *See Douds v. State*, 434 S.W.3d 842 (Tex. App.—Houston [14th] 2014, pet. granted Sep. 17, 2014).

The State's petition focuses on two aspects of any *McNeely*-related consequences: the validity of a statutorily compelled draw and the invalidity of the exclusionary rule. Note that *Villarreal* only went to the merits of the mandatory-draw issue, not addressing the applicability of the exclusionary rule. *Villarreal*, 2014 WL 6734178. However, *Douds* addressed the exclusionary rule's applicability. *Douds*, 434 S.W.3d at 861. In other words, this Court has already granted review on the issues presented herein.

Review should be granted because this case involves important questions of law that are have not been finally addressed by this Court, matters in conflict in the interim appellate courts, and the misapplication of a Supreme Court decision that does not undermine the validity of the country's implied-consent statutes. TEX. R. APP. P. 66.3(a)(b)(c)(d)(f).[2]

## I.  *Valid, compelled statutory blood draw*

The State's appellate stance is in lockstep with that of prosecutors from other counties across the State who have already had cases granted for review on a *McNeely*-related issue.[3] Hence, the State respectfully asks this Court to dispose of the instant case in a manner consistent with the petitions in *Villarreal*, *Smith, McGruder, Douds*, *Weems*, *Holidy*, and *Reeder.* Here, the officer reasonably relied on an existing, ubiquitous statute to obtain a compelled blood draw. The seizure occurred when the

---

[2] *See Villarreal*, 2014 WL 6734178 (reh'g granted); *Smith v. State*, No. 13-11-00694-CR, ___ S.W.3d ___, 2014 WL 5901759 (Tex. App.—Corpus Christi 2014, pet. granted); *McGruder v. State*, No. 10-13-109-CR, ___ S.W.3d ___, 2014 WL 3973089 (Tex. App.—Waco 2014, pet. granted); *Douds*, 434 S.W.3d 842 (pet. granted); *Weems v. State*, 434 S.W.3d 655 (Tex. App.—San Antonio 2014, pet. granted); *Holidy v. State*, No. 06-13-00261-CR, 2014 WL 1722171 (Tex. App.—Texarkana 2014, pet. granted); *Reeder v. State*, 428 S.W.3d 924, 930 (Tex. App.—Texarkana 2014, pet. granted); *see also McNeely*, 133 S.Ct at 1566 & n.9 (referencing nationwide reliance on implied-consent provisions).

[3] *See* cases cited *supra* note 2.

6

officer—at the time of the offense—possessed probable cause that Appellant's impaired and intoxicated conduct constituted felony DWI. TEX. PENAL CODE §§49.04, 49.09; TEX. TRANSP. CODE §724.012(b).

In addition, the State differs with *Villarreal's* original-submission reasoning and further asserts that several important arguments should be considered on the merits.

*A.     Codification of Fourth Amendment principles*

*Villarreal* failed to consider that the implied-consent statute codified Fourth Amendment principles. For instance, this Court has previously recognized a statutory codification of the exigency exception. *See Miles v. State*, 241 S.W.3d 28, 39-40 & n.54 (Tex. Crim. App. 2007) (*citing* TEX. CODE CRIM. PROC. art. 18.16). *McNeely* recognized that every case involving the dissipation of alcohol included some exigency. *McNeely*, 133 S.Ct. at 1561, 1568. This ever-present exigency must be considered when assaying the reasonableness of statutory draws.

Combine the static alcohol-evaporation exigency consideration with the Legislature's clear codification of the gravity-of-the-offense exigency. The implied-consent statute extinguished a defendant's right to refuse where an officer possesses probable cause to believe that certain

7

enumerated, egregious circumstances exist. TEX. TRANSP. CODE §724.012(b). Defendants only lose their refusal right under carefully circumscribed scenarios involving felonious intoxication-related offenses and/or resultant injuries necessitating hospitalization. *Id.*[4]

This statutory limitation amounts to a codification of an additional recognized exigency unrelated to blood-alcohol dissipation. *Welsh v. Wisconsin* held that the Fourth Amendment authorizes common-sense consideration of the underlying offense's gravity when weighing the existence of an exigency. *Welsh v. Wisconsin*, 466 U.S. 740, 751-52 (1984) (exigency calculations include consideration of a crime's severity). Consideration of a crime's gravity is the essence of reasonableness because the state's interest is greater in a more serious case. *Cf.* TEX. CODE CRIM. PROC. art. 14.04 (authorizing warrantless arrests for felonies where an officer did not observe the offense).

Of course, it almost goes without saying that Texas' implied-consent legislation codified Fourth Amendment probable cause requirements. U.S.

---

[4] Notably, under the Texas statute, the *McNeely* and *Schmerber* defendants would have retained their right to refuse based upon the less serious nature of their crimes. *Compare McNeely*, 133 S.Ct. at 1556-57 (DWI); *Schmerber v. California*, 384 U.S. 757, 758-59 (1966) (DWI arising from a one-car collision).

8

CONST. amend. IV. Predicate elements of the implied consent statute codify this well-known quantum-of-evidence as a requirement for a compelled search. TEX. TRANSP. CODE §724.012(b). Probable cause, along with the exigencies based upon the gravity-of-the-crime and the dissipation-of-alcohol exigency, create a framework that provides a neutral set of guidelines authorizing a narrowly defined seizure from an already-in-custody arrestee. These provisions embrace the essence of Fourth Amendment reasonableness.

B. *Special-needs framework adds to the reasonableness calculation*

The now-withdrawn *Villarreal* decision rejected application of the Supreme Court's special needs doctrine to the mandatory blood draw framework. *Villarreal*, 2014 WL 6734178, at *14-15; *see Skinner v. Railway Labor Executives' Ass'n*, 489 U.S. 602, 619 (1989). However, the Court did not consider that blood drawn pursuant to Chapter 724's mandate also implicates administrative license revocation [ALR] procedures, a separate regulatory process that focuses on protecting the traveling public by removing offenders from the road. *See* TEX. TRANSP. CODE §524.012(b)(1) (mandating license suspension based upon BAC).

9

"The primary purpose of the administrative license suspension statute is not to deter the licensee or to seek retribution, but to protect the public from the carnage on the public roads of Texas caused by drunk drivers." *Ex parte Tharpe*, 935 S.W.2d 157, 159 (Tex. Crim. App. 1996). Such regulation focuses on the government's strong interest in removing intoxicated drivers from the road, just as railroad regulation in *Skinner* sought to increase railway safety by detecting intoxicated employees. *Compare Skinner*, 489 U.S. at 620-21 with *Ex parte Tharpe*, 935 S.W.2d at 159.

Special needs' principles recognize the statute's provision of a neutral, detached vehicle for protecting citizens from impaired drivers and defendants from unfettered discretion. The special-needs exception constitutes another factor to consider in a non-dualistic analysis that renders Texas' compelled-draw framework reasonable.

*C. Erroneous Consideration of the "Less Intrusive Means" Test*

The original *Villarreal* decision considered the ready availability of warrants when rejecting the validity of Texas' mandatory draw statute. *Villarreal*, 2014 WL 6734178, at *18 (finding no compelling need to uphold warrantless, nonconsensual blood searches where warrants are "often

10

readily available"). However, factors such as electronic warrants and the availability of a magistrate shift the focus away from an officer's conduct and, instead, weigh considerations of alternative means. *See McNeely*, 133 S.Ct. at 1561-63.

The Supreme Court often rejects arguments applying less-intrusive-alternative-practices attacks in Fourth Amendment cases. *Vernonia School District 47J v. Acton*, 515 U.S. 646 (1995) (upholding warrantless, random urine screening of athletes and rejecting an argument for drug testing based upon suspicion of drug use); *Skinner*, 489 U.S. at 629 n.9 (upholding random, suspicionless drug screening of railway employees following safety breaches and rejecting arguments voicing less drastic and equally effective means). One footnote in *Skinner* flatly rejects the propriety of considering less-drastic alternatives in scenarios that include warrantless and even suspicionless seizures for toxicological testing, similar to Appellant's facts. *Skinner*, 489 U.S. 602, 629 n.9. *Villarreal* mistakenly applied this discounted, *post-hoc* consideration on original submission.

11

## II. Implied-Consent Draws Are Reasonable

Reasonableness has always been the linchpin of the Fourth Amendment, venerated in the provision's plain language. U.S. CONST. amend IV; *Hulit v. State*, 982 S.W.2d 431, 435-36, 438 (Tex. Crim. App. 1998). Discernment of what is "reasonable" requires courts to consider the balance between an individual's privacy and the legitimate governmental interests, especially when public safety is of utmost concern. *See Maryland v. King*, 569 U.S. ___, 133 S.Ct. 1958, 1979 (2013); *Michigan Dept. of State Police v. Sitz*, 496 U.S. 444, 455 (1990); *Segundo v. State*, 270 S.W.3d 79 (Tex. Crim. App. 2008), *cert. denied*, 558 U.S. 828 (2009). *Villarreal* viewed the choice between applying a Fourth Amendment exception and consideration of a reasonableness balancing approach as mutually exclusive analytical constructs. The State respectfully believes that this black-white consideration of these two concepts is mistaken, especially in light of the fact that this Court has conducted the reasonableness balancing approach to similar issues. *See Segundo*, 270 S.W.3d at 96-99; *McGee v. State*, 105 S.W.3d 609 (Tex. Crim. App. 2003); *Hulit*, 982 S.W.2d at 434 n.1, 436.

12

Years ago, the Supreme Court recognized that a framework requiring a driver's consent was anything but nonsensical. The *Breithaupt* court pointed to then recently adopted implied-consent provisions and wrote:

> It might be a fair assumption that a driver on the highways in obedience to a policy of the State, would consent to have a blood test made as part of a sensible and civilized system protecting himself as well as other citizens not only from the hazards of the road due to drunken driving, but also from some use of dubious lay testimony.

*Breithaupt v. Abram*, 352 U.S. 432, 435 n.2 (1957). The State contends that compelled draws under implied-consent provisions are inherently reasonable when all side's needs are weighed. Indeed, Fourth Amendment reasonableness underpins the statute. The well-known exceptions—as argued in the myriad cases already before this Court—considered individually and in concert with each other, alongside a balancing of the competing interests, all support the continued viability of Texas' implied-consent framework.

## III. *Exclusive rule inapplicable and not invoked*

Statutory mandatory blood-draws are reasonable. *But see State v. Villarreal*, 2014 WL 6734178 (opinion on original submission; under re-

13

submission).[5] When the ink dries on *Villarreal* and future *McNeely*-related decisions and if those cases are adverse to the State on the merits, the rules requiring evidence exclusion should not apply to mandatory blood-draw scenarios that occurred prior to the Supreme Court's April 2012 pronouncement.

Federally, the good-faith exception to the Fourth Amendment's exclusionary rule applies when law enforcement, at the time of the search, acted objectively reasonably by relying on (1) a statute, later declared unconstitutional, or (2) binding judicial precedent, subsequently overruled. *Illinois v. Krull*, 480 U.S. 342, 349-57 (1987) (statutes); *Davis v. United States*, ___ U.S. ___, 131 S. Ct. 2419, 2428-34 (2011) (caselaw).

Under state law, the Texas exclusionary rule is not invoked because—at the time of the offense—no violation occurred. The State recognizes that article 38.23(b)—Texas' limited good faith exception— requires a warrant. TEX. CODE CRIM. APP. §38.23(b). Notwithstanding, invocation of exclusionary rule principles relies on article 38.23(a). That subsection's plain language requires a violation for exclusion to be

---

[5] *See* cases cited *supra* note 2.

14

triggered. When Appellant's blood was drawn, no one credibly questioned the validity of the officer's statutory authority.[6] In other words, at the time of the seizure, the officer followed then-existing law. *See* TEX. CODE CRIM. PROC. art. 38.23(a); *see also* TEX. PENAL CODE §1.07(a)(30) (defining "law" as meaning the state and federal constitution and statutes, in addition to the written opinions of a court of record); *see also Davis*, 131 S.Ct. at 2427-28 ("obtained" applies to unlawfulness at the time of the seizure; exclusion not triggered in an absence of police culpability). Simply put, these circumstances do not invoke exclusion.[7]

The Supreme Court mentioned, in *dictum*, the application of the exclusionary rule versus Fourth Amendment violations in a non-blood-draw scenario decided recently. In *Heien*, the Court weighed the validity of an investigatory stop where the officer misunderstood the traffic code provision

---

[6] *See Beeman v. State*, 86 S.W.3d 613, 615 (Tex. Crim. App. 2002); TEX. TRANSP. CODE §724.012(b); *see also Karev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App 2009) (statutes presumed constitutional until held otherwise).

[7] *See also United States v. Peltier*, 422 U.S. 531, 541-42 (1975) (upholding suspicionless, warrantless seizure of person by roving border patrol agents based upon constitutional-at-time statute); *Krull*, 480 U.S. at 349–50 (exclusionary rule inapplicable when police rely on statute later found unconstitutional); *Mapp v. Ohio*, 367 U.S. 643, 656 (1961) (exclusionary rule seeks to deter officers from violating law to obtain evidence); *Thornton v. State*, 145 S.W.3d 228, 233-34 (Tex. Crim. App. 2004) (exclusion not justified where marginal or nonexistent deterrent benefits); *accord State v. Reese*, 353 Wis.2d 266, 844 N.W.2d 396, 402 (Wis. App. 2014) (no exclusion in *McNeely* case since no time-of-seizure misconduct).

he relied on to support the stop. *See Heien v. North Carolina*, ___ S.Ct. ___, 2014 WL 7010684, at \*6-9 (December 15, 2014). The Supreme Court considered the reasonableness of the officer's mistake that lead to the stop and arrest when considering remedies. In so doing, the Court pointed out the myriad decisions finding exclusionary-rule invocation inappropriate where the officer's conduct—valid at the time—was later declared unconstitutional. *Id.* With only one justice dissenting, the Supreme Court's decision pondered the exclusionary rule's limits which had been briefly considered in *Michigan v. DeFillippo*, 443 U.S. 31,33,37-38 (1979) (suggesting that exclusion might have been appropriate had the provision been "grossly and flagrantly unconstitutional") (citation omitted). Although the *Heien* discussion is merely *dicta*, it reiterates the importance of focusing on the fact that the instant officer's conduct fully complied with mandatory, settled law at the time of Appellant's arrest. *McNeely* and subsequent caselaw questioning implied-consent blood draws came later. Since, no violation occurred at the time of the Appellant's 2011 blood draw, article 38.23's exclusionary provision does not apply.

## CONCLUSION AND PRAYER

Review should be granted and the decision of the Court of Appeals should be reversed, upholding this felony DWI conviction.

Respectfully submitted,

SHAREN WILSON
Criminal District Attorney
Tarrant County, Texas

DEBRA WINDSOR
Chief, Post-Conviction
Assistant Criminal District Attorney

/s/ Tanya S. Dohoney
TANYA S. DOHONEY
Assistant Criminal District Attorney
Tim Curry Criminal Justice Center
401 W. Belknap
Fort Worth, Texas 76196-0201
(817) 884-1687
(817)884-1672 FAX
State Bar No. 02760900
CCAAppellateAlerts@tarrantcountytx.gov

17

## CERTIFICATE OF COMPLIANCE

This document, prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes, complies with the typeface requirements of TEX. R. APP. P. 9.4(e). This document also complies with the word-count limitations of TEX. R. APP. P. 9.4 (i) because it contains less than 3100 words, excluding any parts exempted by TEX. R. APP. P. 9.4(i)(1), as computed by Microsoft Word10, the computer software used to prepare the document.

/s/ Tanya S. Dohoney
TANYA S. DOHONEY

## CERTIFICATE OF SERVICE

A true copy of the State's petition has been e-served to opposing counsel, Hon. Abe Factor, 5719 Airport Freeway, Fort Worth, Texas 76117 at lawfactor@yahoo.com, and to the State Prosecuting Attorney, Hon. Lisa McMinn, information@spa.texas.gov, P.O. Box 13046, Austin, Texas 78711, on this 11th day of March, 2015.

/s/ Tanya S. Dohoney
TANYA S. DOHONEY

H:\DOHONEY.D11\BRIEFS\011615 burks mcneely post-villarreal.doc

# COURT OF APPEALS' OPINION

A


--- S.W.3d ----, 2015 WL 115964 (Tex.App.-Fort Worth)
**(Cite as: 2015 WL 115964 (Tex.App.-Fort Worth))**

C

Only the Westlaw citation is currently available.OPINION

Court of Appeals of Texas,
Fort Worth.
Gene Allen **Burks**, Appellant
v.
The State of Texas, State

NO. 02–13–00560–CR
DELIVERED: January 8, 2015

**Background:** Defendant was convicted pursuant to guilty plea in the 372nd District Court, Tarrant County, David Scott Wisch, J., of driving while intoxicated (DWI)-felony repetition. Defendant appealed.

**Holdings:** The Court of Appeals, Sue Walker, J., held that:
(1) statute providing for mandatory blood draws, regardless of defendant's lack of consent, in case involving felony DWI, was not recognized exception to warrant requirement, and
(2) exception to statutory exclusionary rule when police officer acts in good faith reliance on warrant did not apply to warrantless mandatory blood draw.

Reversed and remanded.

West Headnotes

**[1] Automobiles 48A ⟜414**

48A Automobiles
   48AIX Evidence of Sobriety Tests
      48Ak414 k. Right to take sample or conduct test; initiating procedure. Most Cited Cases
   Statute providing for mandatory blood draws, regardless of defendant's lack of consent, in case involving felony driving while intoxicated (DWI) was not recognized exception to warrant requirement under Fourth Amendment. U.S. Const. Amend. 4;

Tex. Transp. Code Ann. § 724.012(b)(3)(B).

**[2] Automobiles 48A ⟜419**

48A Automobiles
   48AIX Evidence of Sobriety Tests
      48Ak417 Grounds for Test
         48Ak419 k. Grounds or cause; necessity for arrest. Most Cited Cases
   Exigency presented by the natural dissipation of alcohol in the blood, as justification for a warrantless blood or urine sample upon an arrest for driving under influence (DUI), must be determined case by case based on the totality of the circumstances. U.S. Const. Amend. 4.

**[3] Criminal Law 110 ⟜392.38(4)**

110 Criminal Law
   110XVII Evidence
      110XVII(I) Competency in General
         110k392.1 Wrongfully Obtained Evidence
            110k392.38 Good Faith or Objectively Reasonable Conduct Doctrine
               110k392.38(4) k. Reliance on statute, ordinance, or precedent; mistake of law. Most Cited Cases
   Exception to statutory exclusionary rule when police officer acts in good faith reliance on warrant did not apply to warrantless mandatory blood draw that did not fit within any exception to warrant requirement. U.S. Const. Amend. 4; Tex. Transp. Code Ann. § 724.012(b)(3)(B); Tex. Crim. Proc. Code Ann. art. 38.23(b).

**[4] Criminal Law 110 ⟜392.38(4)**

110 Criminal Law
   110XVII Evidence
      110XVII(I) Competency in General
         110k392.1 Wrongfully Obtained Evidence
            110k392.38 Good Faith or Objectively Reasonable Conduct Doctrine
               110k392.38(4) k. Reliance on statute, ordinance, or precedent; mistake of law. Most

--- S.W.3d ----, 2015 WL 115964 (Tex.App.-Fort Worth)
**(Cite as: 2015 WL 115964 (Tex.App.-Fort Worth))**

Cited Cases

There is no exception to the statutory exclusionary rule with respect to evidence obtained in violation of the constitution or laws of the United States or Texas for a police officer's good faith reliance on a statute. Tex. Crim. Proc. Code Ann. art. 38.23(a).

West Codenotes
Recognized as Unconstitutional Tex. Transp. Code Ann. § 724.012(b)(3)(B).

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY, TRIAL COURT NO. 1302810D, Hon. David Scott Wisch, Judge. Abe Factor, Fort Worth, TX, Tim Robinson, Grapevine, TX, for Appellant.

Joe Shannon, Jr., Crim. Dist. Atty., Charles Mallin, Asst. Crim. Dist. Atty., Chief Appellate Div., Tanya S. Dohoney, Jennifer Jackson, Fort Worth, TX, for State.

PANEL: WALKER, MEIER, and GABRIEL, JJ.

### OPINION
SUE WALKER, JUSTICE
### I. INTRODUCTION

**\*1** Appellant Gene Allen Burks appeals his conviction for driving while intoxicated (DWI)-felony repetition. *See* Tex. Penal Code Ann. §§ 49.04, .09 (West Supp. 2014). In a single point, he argues that the trial court erred by denying his motion to suppress blood alcohol test results obtained using the mandatory-blood-draw procedure of the Texas Transportation Code and without his consent or a valid search warrant. *See* Tex. Transp. Code Ann. §§ 724.011(a), 724.012(b), 724.013 (West 2011). Following the court of criminal appeals's recent opinion in *State v. Villarreal,* No. PD–0306–14, —— S.W.3d ——, 2014 WL 6734178 (Tex.Crim.App. Nov. 26, 2014), in which the court held that such a warrantless, nonconsensual draw of a DWI suspect's blood does not categorically fall within any recognized exception to the Fourth Amendment's warrant requirement, nor can it be justified under a general Fourth Amendment balancing test, we will reverse the trial court's suppression order and judgment and remand the case to the trial court.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Burks was indicted for felony DWI. He filed a "Motion to Suppress Blood Alcohol Test Results Obtained Without Consent or Valid Search Warrant." Prior to a hearing on Burks's motion, the parties agreed to stipulate to the evidence for purposes of the hearing as follows:

1. On October 31, 2012, around 8:59 p.m., North Richland Hills Police Officer Kevin Croft # 767 possessed reasonable suspicion and probable cause to initiate a traffic stop of the Defendant's motor vehicle which was being operated by the Defendant in Tarrant County, Texas in a public place. Officer Croft executed this stop based upon information relayed to North Richland Hills PD dispatch by a credible 911 caller, Philip Hare. Officer Croft also based the stop upon his personal observation of the Defendant's vehicle changing lanes without signaling as required under Section 545.104 of the Texas Transportation Code.

2. On October 31, 2012, Officer Kevin Croft had probable cause to arrest the Defendant for Driving While Intoxicated [DWI] under Chapter 49, Texas Penal Code. The officer reasonably believed that the Defendant committed the offense of DWI based upon: the information gleaned from the 911 caller; the Defendant's physical appearance which was consistent with having imbibed alcohol; the Defendant's admission to drinking alcohol; and the Defendant's poor performance on field sobriety tests. Officer Croft arrested the Defendant, without warrant, at approximately 9:19 p.m.

3. Prior to the Defendant's arrest, the Defendant told Officer Croft he had consumed two beers;

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

after the Defendant's arrest, at approximately 10:35 p.m. and after having been properly Mirandized and agreeing to waive his Miranda rights and answer questions, the Defendant told Officer Croft that he drank four or five beers. The Defendant exclaimed to Officer Croft that he had not been *that* intoxicated in a long, long time.

4. Officer Croft read the Defendant the DIC–24 Statutory Warning at approximately 10:09 p.m. and requested a specimen of the Defendant's blood. The Defendant refused to provide a specimen of his blood voluntarily.

**\*2** 5. The requirements set forth in Texas Transportation Code Section 724.012 to obtain a mandatory blood sample from the Defendant were met. Specifically, (1) that Officer Croft had reasonable grounds to believe that the Defendant operated a motor vehicle in a public place while intoxicated, (2) the Defendant refused Officer Croft's request to submit to the taking of a specimen voluntarily, and (3) at the time of the arrest, Officer Croft possessed or received reliable information from a credible source that the Defendant on two or more occasions had been previously convicted or placed on community supervision for an offense under Section 49.04, 49.05, 49.06, or 49.06[sic].

6. The Defendant's blood draw was conducted around 10:10 p.m. using medically-accepted procedures. Philip Fabian, a registered professional nurse, drew the Defendant's blood at the North Hills Hospital emergency room, a sanitary place.

7. The date of arrest, October 31, 2012, was not during a "No-refusal" period where magistrates are available in a streamlined manner to review and sign search warrants.

8. North Richland Hills PD officers are trained and experienced regarding obtaining search warrants.

9. North Richland Hills PD has magistrates available to review and sign search warrants. However, this process is not as streamlined as it is during "No–Refusal" periods.

10. Officer Croft obtained the Defendant's compelled blood sample pursuant to the mandatory provisions of Texas Transportation Code Section 724.012(b). Other than the ever-present exigency-related factors that exist in the cases enumerated in Section 724.012(b), that is, the constant dissipation of alcohol from the bloodstream and the severity of the offense committed, here, by a DWI recidivist, no other exigencies arose from the circumstances of the offense. Officer Croft relied on the mandatory terms of Texas'[s] implied-consent statute.

11. The Defendant was in possession of a valid Texas driver's license at the time of this offense.

After a hearing, the trial court denied Burks's motion to suppress. Burks pleaded guilty pursuant to a plea bargain, and in accordance with the plea bargain, the trial court sentenced Burks to ten years' confinement and a $1,500 fine, suspended imposition of the confinement portion of the sentence, and placed Burks on community supervision for five years.

### III. BLOOD DRAW VIOLATED FOURTH AMENDMENT

[1][2]In *Missouri v. McNeely,* the United States Supreme Court held that the natural dissipation of alcohol in the bloodstream does not present a per se exigent circumstance justifying a blood test without a warrant in all DWI cases. –– U.S. ––––, 133 S.Ct. 1552, 1563, 185 L.Ed.2d 696 (2013). Exigency in this context must be determined case by case based on the totality of the circumstances. *Id.*

Texas's implied-consent and mandatory-blood-draw statutes provide a statutory scheme whereby the taking of blood samples is premised on "implied consent" and is required in certain DWI investigations, including felony DWI, even if the suspect refuses consent. *See* Tex. Transp. Code

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Ann. §§ 724.011(a), 724.012(b), 724.013. Our sister courts have grappled with the import of *McNeely* upon our mandatory-blood-draw and implied-consent statutes. The court of criminal appeals recently resolved the issue:

We hold that the provisions in the Transportation Code do not, taken by themselves, form a constitutionally valid alternative to the Fourth Amendment warrant requirement. We thus reject the State's assertion that a warrantless, nonconsensual blood draw conducted pursuant to those provisions can fall under one of the established exceptions to the warrant requirement described above, and we further reject the State's suggestion that such a search may be upheld under a general Fourth Amendment balancing test.

**\*3** *Villarreal,* ––– S.W.3d at –––– – ––––, 2014 WL 6734178, at \*10–16. Specifically, the court in *Villarreal* rejected the State's arguments that (1) a warrantless, nonconsensual blood test under the transportation code should be upheld as categorically reasonable under the consent exception—applicable in the form of a prior waiver through implied consent, the automobile exception, the special-needs exception, or the search-incident-to-arrest exception, (2) a blood draw should be treated as a seizure instead of a search, and (3) such a search may be upheld on the basis that it is reasonable under a general Fourth Amendment balancing test. *Id.* at –––– – ––––, 2014 WL 6734178, \*10–17. The State raises these same arguments in this appeal.

In this case, Burks did not consent to a blood draw, and a warrant to draw his blood was not obtained. The State does not rely on the exigent circumstances exception to the warrant requirement. There was no accident or injury; as stated in the stipulated facts, the only "exigency" was "the constant dissipation of alcohol from the bloodstream and the severity of the offense committed, here, by a DWI recidivist." Officer Croft relied exclusively on the "mandatory provisions" of transportation code section 724.012(b)(3)(B) for the warrantless blood draw. *See* Tex. Transp. Code Ann. § 724.012(b)(3)(B). Following *Villarreal,* we hold that this warrantless, nonconsensual blood draw conducted pursuant to the mandatory-blood-draw and implied-consent provisions of the Texas Transportation Code violated the Fourth Amendment. *See* ––– S.W.3d at ––––, 2014 WL 6734178, at \*21.

[3][4]The State alternatively argues that because the officer in this case was following the mandatory terms of the transportation code, the exclusionary rule should not apply here. *See* Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2005) (providing that "[n]o evidence obtained by an officer ... in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case"). But there is no exception to our statutory exclusionary rule for an officer's good faith reliance on a statute. *See id.* art. 38.23(b) (providing the only exception for officers acting in good-faith reliance upon a warrant); *State v. Anderson,* 445 S.W.3d 895, 912 (Tex.App.–Beaumont 2014, no. pet. h.) (explaining that the federal exclusionary rule, unlike Texas's, has at least three good faith exceptions) (citing *Davis v. United States,* ––– U.S. ––––, 131 S.Ct. 2419, 2427–28, 180 L.Ed.2d 285 (2011)); *Polk v. State,* 704 S.W.2d 929, 934 (Tex.App.–Dallas 1986), *aff'd,* 738 S.W.2d 274 (Tex.Crim.App.1987). Because there was no warrant in this case, the statutory exception in article 38.23(b) does not apply. *See Anderson,* 445 S.W.3d at 912; *Douds v. State,* 434 S.W.3d 842, 861 (Tex.App.–Houston [14th Dist.] 2014, pet. granted) (en banc).

We hold that the trial court erred by denying Burks's motion to suppress the blood alcohol test results, and we sustain Burks's sole point.

### IV. CONCLUSION

Having sustained Burks's sole point and having held that the blood alcohol test results should have been suppressed, we reverse the trial court's order denying Burks's motion to suppress and the trial

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

court's judgment and remand this case to the trial court for further proceedings consistent with this opinion.

Tex.App.-Fort Worth, 2015
Burks v. State
--- S.W.3d ----, 2015 WL 115964 (Tex.App.-Fort Worth)

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.